## 36562. HOLMAN v. RUESKEN.

JORDAN, Presiding Justice.

This is an appeal from an order of the trial court effecting a rescission of a contract of sale of a certain mobile home park.

Appellee purchaser sued appellant seller alleging that appellant had fraudulently misrepresented the condition of the park during their negotiations. The jury returned a special verdict for appellee after which the trial judge ordered appellant to reassume operation of the park immediately and established certain financial set-offs between the parties.

Appellant filed a motion for a judgment notwithstanding the verdict or a new trial and reassumed operation of the park in compliance with the trial court's order. Following the denial of his motion some months later, appellant brought this appeal.

1. Appellee's motion to dismiss the appeal is denied because any attempt on appellant's part to appeal prior to the disposition of his motion for new trial would have been premature. *Minter v. State,* 229 Ga. 804 (194 SE2d 462) (1972); see also Code Ann. § 6-701 (a) 1.

2. Appellant's enumerations of error go mostly to the weight of the evidence against him proving fraud. Appellant contends that there was no evidence which would have amounted to a showing of fraud as a matter of law.

On the contrary, appellee presented testimony that appellant

had been informed of the seriousness of the problems with the electrical and sewerage systems by various repairmen, and that áppellant had told his maintenance man that the less he said about the condition of the park, the better off he would be. Further testimony indicated that appellant told one sewerage repairman merely to temporarily unclog a line in need of replacing because he had "a guy coming today to look at it," presumably referring to the appellee.

". . . 'Circumstances apparently trivial or almost inconclusive, if separately considered, may by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof [of fraud].' " [Cit.] *Durrence v. Durrence,* 224 Ga. 620, 623 (163 SE2d 740) (1968).

Appellant maintains that appellee was not properly diligent in his inspection of the park prior to its purchase, and further contends that any defect could have been discovered by appellee. Georgia law requires that one allegedly defrauded must have exercised due diligence to discover the fraud perpetrated against him before he can recover. *McClelland v. Westview Cemetery,* 148 Ga. App. 447 (251 SE2d 351) (1978).

First of all, the trial court charged the jury that the contract could be rescinded on either of two theories: the fraudulent misrepresentations of material facts made by appellant to appellee or the concealment of material facts known by appellant prior to the sale. The jury could have found based on the evidence that appellant clearly intended to deceive appellee (i.e., telling his maintenance man not to disclose the whole truth about the condition of the park) and the jury could also have inferred that appellant concealed material facts known by him but not apparent to appellee. See *Wilhite v. Mays,* 239 Ga. 31 (235 SE2d 532) (1977). Appellee testified, for example, that he would have had to dig up the sewer lines to have discovered the defects in them. We made clear in *Wilhite* that when the defects in the property were of such a nature that the buyer could not discover them through the exercise of due diligence, the burden was on the seller to disclose the seriousness of the problems of which he was aware, provided that the seller knew that the buyer was acting under a misapprehension as to facts which would be important to the buyer in making his decision. Though appellee did not discover the concealed defects in the park, that does not demonstrate that he was not properly diligent; it means that the burden was on the appellant to tell him about the park's hidden defects.

We find that the evidence was sufficient to authorize a jury to find that the contract should be rescinded.

3. Appellant complains that the trial court's order of February

22, 1980, rendered on the jury's verdict, seeks the impossible in trying to return the parties to their positions prior to the sale of the park. The trial court's order divided certain debts between the parties and ordered appellant to pay appellee $80,000 in cash (the amount of the down payment) immediately and issued a fi. fa. against him in that amount. Appellant notes that he does not have this amount to pay appellee; however, he does own the mobile home park from the sale of which he can satisfy his debt.

"A superior court shall have full power to mould its decrees so as to meet the exigencies of each case; and shall have full power to enforce its decrees when rendered." Code Ann. § 37-1203. The trial court moulded its decree in this case based on the jury's verdict to rescind the contract, and we find no error in the means chosen to accomplish that verdict.

4. The trial court did not err in overruling appellant's motions for directed verdict or in denying appellant a new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1980 — DECIDED OCTOBER 17, 1980.

*F. Robert Raley,* for appellant.
*George T. Brown, James M. Wootan,* for appellee.