73135. COHEN et al. v. STUHLER et al.
(349 SE2d 541)

DEEN, Presiding Judge.

On July 14, 1983, Brian and Eva Cohen entered into a contract with the appellees, Gregory Stuhler and Cole Yarbrough, for the purchase of a newly constructed house. After the closing of the sale in September 1983, the Cohens discovered that the house was serviced by an electric sewage lift system, actually located on an adjacent lot also developed by the appellees, that was installed to pump sewage from the house up to the county sewage line. The electrical power line for the lift station, which ran from the house's outside central air conditioning unit across the surface of the Cohens' yard and their neighbor's driveway to the pump, was not connected until after the closing. The Cohens also subsequently discovered that the sewage lift station was improperly installed, resulting in a citation by the county health department and expenditure of $2,393.63 to correct the installation.

On January 25, 1984, the Cohens commenced this action against

Stuhler and Yarbrough, alleging, *inter alia*, misrepresentation by passive concealment of a material defect. The trial court granted summary judgment for Stuhler and Yarbrough on this issue, and the Cohens appeal.

The evidence in this case on this issue consisted of Brian Cohen's affidavit that he did not discover (and could not have discovered) the sewage system when he inspected the property prior to the closing, because the pump apparently was not wired up until after the closing; and (2) the deposition of the contractor who built the house, in which the contractor stated that during mid-construction of the house they discovered that no regular sewage connection was available for the lot, thus necessitating installation of the sewage lift system on the adjoining lot, and that Stuhler and Yarbrough instructed him not to divulge this matter to the Cohens before the closing. The contractor, however, emphasized that while a regular hook-up to the county sewage line was preferable, use of a sewage lift station was acceptable. *Held*:

"[I]n cases of passive concealment by the seller of defective realty, we find there to be an exception to the rule of caveat emptor . . . That exception places upon the seller a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect its decision." *Wilhite v. Mays*, 140 Ga. App. 816, 818 (232 SE2d 141) (1976); *Hall v. Richardson Homes*, 168 Ga. App. 593, 595 (309 SE2d 825) (1983).

We conclude that under the rationale of *Wilhite v. Mays*, supra, and *Hall v. Richardson Homes*, supra, and the above evidence, summary judgment for the defendants was inappropriate. Certainly there was evidence that the defendants passively concealed the fact of the type of sewage system installed, and that the Cohens' nondiscovery of the condition did not result from their lack of diligence. It may be that a sewage lift station is an acceptable (and sometimes essential) system, and thus not necessarily a defect, but there was also the evidence that such a system is not the preferred system, and that the system in this case was in fact defective.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED OCTOBER 14, 1986.

*Russell D. Carter*, for appellants.
*J. Robert Persons, Henry D. Fellows, Jr., Gregory E. Stuhler, Tony Center*, for appellees.