A90A2062. BRAND BANKING COMPANY v. ROOSMAN et al.
(404 SE2d 286)

BANKE, Presiding Judge.

The appellant, Brand Banking Company, brought suit against the appellees, Tom Roosman and Nash Chevrolet, seeking to recover the balance owing under two promissory notes executed by Roosman, plus punitive damages for alleged fraud on the part of both defendants. The case was tried before a jury. Roosman did not file an answer or appear at trial, and a judgment was returned against him on both counts, with damages and attorney fees for the alleged fraud being set by the jury at $34,000. The jury returned a verdict in favor of Nash Chevrolet, and the case is before us on appeal from the denial of the bank's motion for new trial.

Roosman submitted a credit application to Nash Chevrolet to qualify for the purchase of a new automobile costing approximately $14,600. He was advised by the dealership's credit manager that its lender, First Atlanta Bank, would approve a loan for only half that amount, meaning that he (Roosman) would be required to make a

cash downpayment of approximately $7,300 in order to acquire the vehicle. Roosman then applied to the appellant bank for a $7,300 automobile loan, representing to the branch manager that he had already paid a cash deposit on the vehicle in the amount of $7,300 and needed to borrow the remaining $7,300. The appellant's manager approved a three-year loan in the amount of $7,300 and then turned the matter over to the bank's loan processor with instructions to advise the dealership to list the appellant on the certificate of title as the holder of the primary security interest on the vehicle. The appellant's loan processor testified that she thereafter telephoned the dealership, asked for the person "handling the loan for Tom Roosman," and was connected with a man (whom she could not identify by name) to whom she gave the bank's "lien holder number." Roosman was subsequently issued a $7,300 check by the appellant, made payable to and later negotiated by Nash Chevrolet.

Roosman failed to make the first payment on the loan when it came due; and when the appellant's manager sought to repossess the car, he learned that the appellant had not received the certificate of title to the vehicle. Following repeated phone calls to Nash Chevrolet, the appellant ultimately learned that First Atlanta had loaned Roosman $7,349.38 to purchase the car and was listed on the certificate of title as holder of the first security interest. The appellant thereafter purchased an assignment of Roosman's First Atlanta note for $7,473.21 and repossessed the vehicle. The appellant alleged that by its actions, Nash Chevrolet had fraudulently led it to believe that it would be listed on the certificate of title as the holder of the first security interest. *Held:*

1. The appellant contends that the trial court erred in refusing to admit the deposition of appellee Roosman, who, as previously indicated, failed to appear at trial. Under OCGA § 9-11-32 (a) (2), "[t]he deposition of a party . . . may be used by an adverse party for any purpose." It follows that the trial court erred in refusing to admit the deposition. However, we conclude the error was harmless under the circumstances of this case. See generally *North Ga. Feed &c. Co. v. Ultra-Life Labs.*, 118 Ga. App. 149 (1) (162 SE2d 803) (1968). Although the appellant contends that the deposition would have established that Nash Chevrolet was aware of Roosman's assurances to the bank manager that the bank would be listed on the title certificate as the holder of the first security interest in the vehicle, Roosman's testimony in this regard was merely that the manager had asked him to "get the title to him, to Brand Bank," and that he had responded by telling the manager, "As far as I am concerned, you are getting the title to the car." While Roosman further testified that it was his understanding that the bank's loan processor had received telephone verification from Nash Chevrolet that the bank would "get the title,"

it is apparent that he was not actually present when this telephone conversation took place. Thus, his deposition testimony had no probative value on the issue of what communications occurred between the appellant and Nash Chevrolet, nor is there anything in his deposition which would suggest that Nash Chevrolet was a party to any misrepresentations he may have made to the appellant.

2. The appellant contends that the trial court erred in granting a partial directed verdict to Nash Chevrolet with respect to its claim for compensatory damages and in instructing the jury with respect to that ruling. The appellant had sought $14,649.38 in damages from the dealership as compensation for the "economic loss" it had allegedly suffered as a result of Roosman's default on the two promissory notes. The trial court's ruling was apparently predicated on a finding that the evidence was insufficient to establish the amount of damages the bank had suffered as a result of the default because there was no showing of the value of the vehicle at the time of its repossession. We agree that there was no basis upon which the jury could have calculated with reasonable certainty the amount of damages sustained by the appellant as a result of the alleged fraud, and we further observe that the appellant was under no circumstances entitled to be compensated *both* for the loan which it had made to Roosman *and* for the loan which First Atlanta Bank had made to him.

3. The appellant contends that the trial court erred in refusing to give its requested charge on the principles of agency. "The requested charge not given by the trial court was covered generally by the charge as given. Therefore, its refusal was not error." *James v. Vinson*, 244 Ga. 429 (260 SE2d 337) (1979).

4. The trial court did not err in denying the appellant's motion for new trial on the general grounds, inasmuch as the jury was clearly authorized to determine from the evidence that Nash Chevrolet had neither made any misrepresentation to the appellant nor been a party to any misrepresentation which may have been made by Roosman. See generally *Eckerd's Columbia, Inc. v. Moore*, 155 Ga. App. 4, 5 (270 SE2d 249) (1980).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 27, 1991 —
REHEARING DENIED MARCH 14, 1991 —

*Pruitt & Britt, Glyndon C. Pruitt*, for appellant.
*John F. Doran, Jr.*, for appellees.