A92A0287. WILSON et al. v. BRIGHTON HOMES, INC.
(420 SE2d 360)

COOPER, Judge.

Appellants filed suit against appellee for breach of contract, breach of warranty, negligent construction and fraud with respect to a house built by appellee and purchased by appellants. The case was tried before a jury, and at the close of the evidence, appellee moved for directed verdict on the issues of breach of contract, breach of warranty, negligent construction, fraud, punitive damages, vindictive damages, actual damages and attorney fees. The trial court granted appellee's motion for directed verdict on the issues of negligent construction, fraud, vindictive damages, punitive damages and attorney fees, and denied the motion as to the other issues. These issues were submitted to the jury and the jury returned a verdict in favor of appellants in the amount of $7,930. The court entered a final judgment on the jury verdict, appellants filed a motion for new trial, which was denied by the trial court, and this appeal followed. Appellants raise as enumerations of error the trial court's grant of directed verdict to appellee on the issues of negligent construction, fraud and punitive and vindictive damages, as well as the trial court's failure to charge the jury on these issues.

1. The grant of directed verdict to appellee "was a determination of non-liability on the part of [appellee]." *Turner v. Taylor*, 179 Ga. App. 574 (1) (b) (346 SE2d 920) (1986). Therefore, appellants properly filed this direct appeal rather than following the procedures for a discretionary appeal. Id.

2. In support of their claim for negligent construction, appellants

describe two alleged defects in the construction of their home. They first assert that there is a hole or a gap in the foundation wall below ground level and that water is flowing through the gap into the crawlspace under the house. Appellants allege that this leakage creates standing water many inches deep in the crawlspace and results in a stream of water into the crawlspace from the outside. The second defect alleged by appellants is that one of the foundation footers was erected on uncompacted dirt, causing the footer to sink and the foundation walls of the house to crack. "The determination of whether a 'defect' existed which the homebuyer could not have discovered and which the builder knew or should have known, is the grounds for actionable negligence set froth in [*Holmes v. Worthey*, 159 Ga. App. 262 (282 SE2d 919) (1981), affirmed *Worthey v. Holmes*, 249 Ga. 104 (287 SE2d 9) (1982)]." *Hudgins v. Bacon*, 171 Ga. App. 856 (1) (321 SE2d 359) (1984). See *Williams v. Runion*, 173 Ga. App. 54 (1) (325 SE2d 441) (1984). At trial, appellants called a witness who was allowed to testify as an expert in foundation footers, water control and repair. The witness testified that the crawlspace under appellants' house was very wet and was retaining water; that there were gaps in the footings and foundations of the house that he could observe from the inside; that water from the outside was flowing through the gaps into the crawlspace; that he observed blocks in the foundation that were not properly packed and waterproofed; that the flow of water was "like a river basin" down one interior wall; that on one visit he saw a puddle of standing water six to eight inches deep; that in one area the water was bubbling up through the mud like an artesian well; that he observed mud lines eight inches high and mushrooms growing in the basement, indicating a very wet situation; that he could barely walk in certain areas of the crawlspace because it is pure mud; that a gap in the foundation as he observed is not normal practice in footing and foundation; and that there should be no gaps. The witness further testified that he observed cracks in the foundation walls that indicated the footer may have been erected on fill dirt; that it appeared to him that one corner of the house had dropped; and that a footer should not sink. "[A] builder [of homes] expressly or impliedly promises that he has built the house in a fit and workmanlike manner. Thus, the law imposes upon the professional builder and others performing skilled services the obligation to exercise a reasonable degree of care, skill and ability, which certainly can be shown as that degree of care and skill which, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same profession. [Cit.]" *Williams*, supra at 57. Although the appellants' expert testified that he was not familiar with the specifics of the building code applicable to appellants' house, the court allowed him to testify as an expert based upon his professional experience in laying

foundations and footings, and he then stated that the problems he perceived with the home were not normal practice in the profession. Further, the alleged defects in the house were not defects that appellants knew about or in the exercise of ordinary care should have discovered. See *Worthey*, 249 Ga. at 105. Both defects were below ground level and when appellants asked appellee's representatives about the water in the basement, they were given assurances that the water was left over from construction and that appellee would alleviate the problem. After appellants moved into the house and the rainy weather commenced, the water began to flow in the crawlspace. The defects alleged by appellants were latent, not patent. See *Thompson Enterprises v. Coskrey*, 168 Ga. App. 181 (2) (308 SE2d 399) (1983). Appellee presented two of its employees who testified as experts at trial and who stated that they observed no problem with appellants' house, that the house was built according to code and that it had passed inspection by the county. However, considering the record in its entirety, we conclude that the trial court erred in directing a verdict for appellee on the issue of negligent construction. A directed verdict should be granted " '(i)f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . .' ' "[I]t is error to direct a verdict unless the evidence *demands* the particular verdict and fails to disclose *any* material issue for jury resolution." ' [Cits.]" *Thompson Enterprises*, supra at 185. We cannot ignore the testimony of appellants' expert, which in our opinion creates a conflict in the evidence that should be properly resolved by the trier of fact.

3. Appellants next enumerate that the trial court erred in directing a verdict for appellee on the issue of fraud. Appellants argue that appellee passively concealed the defects in the house and made material misrepresentations to them at the closing regarding the defects and appellee's intent to correct the problems. "[W]hen the defects in the property [are] of such a nature that the buyer could not discover them through the exercise of due diligence, the burden [is] on the seller to disclose the seriousness of the problems of which he [is] aware, provided the seller [knows] that the buyer [is] acting under a misapprehension as to facts which would be important to the buyer in making his decision." *Holman v. Ruesken*, 246 Ga. 557 (2) (272 SE2d 292) (1980). See *Cohen v. Stuhler*, 180 Ga. App. 543, 544 (349 SE2d 541) (1986). A thorough review of this record reveals no evidence that appellee concealed any facts about the house from appellants. Appellee's representatives testified that they observed no problems with the house and that it had been built according to code and the plans and specifications. Further, we find no evidence that appellee did not intend to perform when it made representations re-

garding repair at the closing. In fact, appellee did make several attempts to repair the problems after appellants moved into the house. The trial court did not err in directing a verdict for appellee on the issue of fraud.

4. Pursuant to our decision in Division 2, we find no evidence of wilful misconduct or an entire want of care which would authorize punitive damages; therefore the trial court did not err in directing a verdict for appellee on the issues of punitive and vindictive damages. See *Powell v. Ferreira*, 198 Ga. App. 465, 467 (402 SE2d 85) (1991).

5. In accordance with Division 1, those requests to charge relating to negligent construction should have been included in the court's charge to the jury.

As appellee did not file a cross-appeal in this case, appellee's arguments on the breach of contract and breach of warranty claims are not properly before this court.

*Judgment reversed in part and affirmed in part. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 26, 1992.

*Zimmerman & Associates, Suzette G. Price, Keith F. Brandon,* for appellants.
*Johnston & Marsh, Howard H. Johnston,* for appellee.