## A92A0338. RAMEY v. LEISURE, LTD.
### (421 SE2d 555)

COOPER, Judge.

Appellee, a limited partnership, asserted claims for negligent construction and fraud against appellant arising from the construction of a house it owned in which one of its general partners, Barney Brannon ("Brannon"), lived. A jury returned a verdict for appellee, and appellant appeals, raising four enumerations of error.

The evidence adduced at trial reveals that appellant obtained a building permit for the construction of a house in Sky Valley, Georgia. Appellant's sons actually owned the real estate, and appellant supervised the building. Inspection records indicate that the foundation footing trenches were poured with concrete before an inspection was made by the building inspector as required by the City of Sky Valley building code. The footing work was performed by a subcontractor, but appellant testified that he was "practically sure" that he saw the footing trenches before the concrete was poured. At its completion on October 17, 1980, the house was sold to the Sky Valley Corporation, which then sold it to the Summerford family. In 1983, appellee purchased the house from the Summerfords. Prior to the purchase, Brannon inspected the house and observed no problem with the footing. On or about August 28, 1988, however, Brannon attempted to replace a storm door and discovered that the door frame was deformed. He

had installed a storm door in the same location in 1983 or 1984 and at that time had not found the door frame defective. Brannon contacted a contractor who determined that the house was not level, having settled four inches toward the rear. The contractor dug out sections of the footing and discovered that the footing was resting on uncompacted fill dirt, was improperly wedge-shaped and contained inadequate steel reinforcement. He concluded that these structural problems caused the footing to sink which resulted in the uneven settling of the house. As a consequence, the old footing was removed and replaced. Costs attributed to correcting the footing totalled $29,561.91.

In its complaint, filed on August 8, 1990, appellee stated a cause of action for negligent construction. Appellant answered the complaint, raising the statute of limitation as a defense. Appellee amended the complaint on May 31, 1991, to allege fraud, asserting that appellant was aware that the footing was negligently constructed; that he sought to avoid discovery of such by failing to have the inspection before proceeding with completion of construction; and that his actions were calculated to delay and deter discovery of the negligent construction. At the close of appellee's case, the trial court denied appellant's motion for directed verdict, raising the statute of limitation and the lack of evidence in support of the fraud claim. The motion was renewed after both parties rested their cases and was again denied. The jury returned a verdict for $29,561.91 in compensatory damages.

1. In its first and third enumerations of error, appellant contends the trial court erred in denying his motion for directed verdict based on the statute of limitation and the sufficiency of the evidence on the fraud claim. Both parties agree that a claim based on negligence is barred by the four year statute of limitation governing damage to realty. OCGA § 9-3-30. However, appellee maintains that its cause of action is based on appellant's fraudulent concealment of gross negligence in the construction of the footing which tolled the statute of limitation.

"Fraud claims are governed by a four-year statute of limitation, [OCGA § 9-3-31] ([cit.]), but this limitation period may be tolled if [appellant] committed an act of actual fraud that had the effect of concealing from the plaintiff the existence of the cause of action despite [its] exercise of reasonable diligence. [Cits.] Actual fraud involves moral turpitude, [cit.], and requires an intentional deception by false representation or by concealment of a fact. [Cit.] When actual fraud is the gravamen of the underlying action, no independent fraud is required for tolling of the statute of limitation, and the limitation period is tolled until the plaintiff discovers or in the exercise of reasonable diligence should have discovered the fraud. [Cit.]" *Hahne*

*v. Wylly,* 199 Ga. App. 811 (1) (406 SE2d 94) (1991). "[W]hen the defects in the property [are] of such a nature that the buyer could not discover them through the exercise of due diligence, the burden [is] on the seller to disclose the seriousness of the problems of which he [is] aware, provided that the seller [knows] that the buyer [is] acting under a misapprehension as to facts which would be important to the buyer in making his decision." *Holman v. Ruesken,* 246 Ga. 557 (2) (272 SE2d 292) (1980); *Cohen v. Stuhler,* 180 Ga. App. 543, 544 (349 SE2d 541) (1986). Appellant argues there was no evidence of fraud and no evidence that appellee or Brannon were deterred from discovering the settling of the house within the statute of limitation.

"[C]oncealment of a cause of action must be by positive affirmative act and not by mere silence. [Cit.]" *Comerford v. Hurley,* 154 Ga. App. 387, 388 (268 SE2d 358) (1980). The evidence presented at trial authorized a finding of passive concealment of the defective footing. In addition to the evidence discussed above, the record also reveals that at trial appellant conceded that it would be improper and unprofessional to construct a wedge shaped footing on fill dirt; that such defects would likely cause uneven settlement of the house requiring expensive repair work; that it was his responsibility to notify the building inspector prior to pouring the concrete in the footing trenches, so that the inspection could be performed; and that concrete was poured before the inspection was performed. One of appellant's sons testified that appellant was in and out of the construction site and would have been aware of the configuration of the footing. The jury could have inferred that appellant concealed the defective footing by not notifying the building inspector and pouring concrete before an inspection was performed. *Holman,* supra. Compare *Wilson v. Brighton Homes,* 204 Ga. App. 677 (3) (420 SE2d 360) (1992).

The evidence also supported a finding of Brannon's due diligence in discovering the resulting settling of the house. *Cohen,* supra at 544. The footing was buried in the ground. Brannon's contractor had to dig trenches into the ground to expose the footing. Brannon inspected the house with a realtor prior to the purchase and testified that he detected no structural defects; that he had no reason to suspect that the footing was defective; and that he had no need to consult the inspection documents until after the footing was exposed and contemplating some action against the responsible party, he began to research the construction of the house. Thus, the burden was on appellant to reveal hidden defects (*Holman,* supra), and the statute of limitation was tolled until the discovery of the defect in 1988. *Fleming v. Lee Eng. &c. Co.,* 184 Ga. App. 275, 276 (361 SE2d 258) (1987). Furthermore, appellant's contention that the claim must fail due to a lack of privity between himself and appellee is without merit because the cause of action is in tort which requires no privity. *Georgia-Caro-*

*lina Brick &c. Co. v. Brown,* 153 Ga. App. 747 (1) (266 SE2d 531) (1980).

Based on the foregoing, the trial court did not err in failing to grant appellant's motions for directed verdict.

2. Appellant also contends the trial court erred in allowing the admission of certain testimony which appellant argues was based on hearsay.

The record reflects that in a pre-trial conference appellee's counsel informed the court and appellant's counsel that he planned to present evidence of a prior lawsuit against appellant involving a house with foundation problems and to call an expert witness who would testify that appellant had a practice of constructing foundations and footings in an unworkmanlike fashion. The trial court indicated that he would allow the admission of such evidence provided the proper foundation were laid and cautioned appellant's counsel not to broach the area in his opening statement. Appellant's counsel voiced no objection to the court's ruling on this proposed evidence. Despite the court's advice, appellant's counsel, in his opening statement, remarked that when Brannon discovered a problem with the footing, he did not allow appellant the opportunity to come to the house and look at the alleged defective footing. Later in his cross-examination of Brannon, counsel asked Brannon if he ever contacted appellant to come and look at the footing after it had been exposed. Brannon answered that he had not contacted appellant, and as Brannon attempted to explain why he had not contacted appellant, appellee's counsel asked for a bench conference. During the conference, appellee's counsel alerted the court to the fact that appellant's counsel had already opened the door for this inquiry in his opening statement. The court agreed and indicated that if Brannon desired to explain why he did not contact appellant, he would be allowed to so testify. On re-direct examination, Brannon was asked why he did not contact appellant. Brannon responded that he did not know appellant, and as he began to discuss appellant's reputation in the area, appellant's counsel objected to the evidence of appellant's reputation on the basis of relevancy, not hearsay as urged on appeal. The trial court overruled the objection on the ground that counsel opened the door to the introduction of this evidence in his opening statement and cross-examination of Brannon and permitted Brannon to testify that it was general knowledge in the area that three or four houses built by appellant had foundation problems. " ' "Where evidence is admitted over objection and, on appeal new grounds for objection are raised for the first time, those new grounds for inadmissibility are not reviewable. (Cit.)" [Cit.]' [Cit.]" *Myers v. Myers,* 195 Ga. App. 529 (3) (394 SE2d 374) (1990). The trial court also allowed appellee's contractor to testify regarding three other houses which were allegedly constructed

by appellant with footing or foundation problems. Appellant argues that appellee never established that the residences were built by appellant, except by hearsay testimony, and that appellee did not demonstrate that the problems in the houses were related to the subject house. At trial, appellant initially objected on the basis of relevancy and hearsay, contending that the contractor had come to know that the houses were built by appellant by hearsay. These objections were made and overruled prior to any specific testimony regarding the houses. With regard to the first house, appellee's attorney referred the court to appellant's response to its interrogatories wherein appellant admitted building the house. After the contractor testified that the house had also settled unevenly but that he did not know the cause, appellant objected on the basis of relevance. Appellee's response was that the testimony illustrated a settlement problem. As to the second house, appellant asserted a hearsay objection to the contractor's testimony that the homeowner told the contractor appellant built his home. Appellant offered no objection to the testimony regarding the third house. "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which the party might have had." (Citations and punctuation omitted.) *Guthrie v. Bank South, Douglas,* 195 Ga. App. 123, 126 (4) (393 SE2d 60) (1990). Thus, we will not consider the testimony as to the third house.

" '[A]dmissibility of evidence is a matter which rests largely within the sound discretion of the trial court. . . . [Cit.]' . . . [Cit.]" *American Aluminum Prods. Co. v. Binswanger Glass Co.,* 194 Ga. App. 703, 709 (9) (391 SE2d 688) (1990). " ' "Evidence of other transactions or occurrences is admissible if it is relevant to the particular instance and does not place too great a danger of undue consumption of time, confusion of issues, undue prejudice or unfair surprise." ' [Cit.]" *West v. Nodvin,* 196 Ga. App. 825, 828 (3d) (397 SE2d 567) (1990). With respect to the first house, we find no abuse of discretion in the admission of the contractor's testimony. As to the second house, the contractor's testimony, that he was told by the homeowner that appellant built his house, did constitute hearsay; however, in view of the evidence in support of appellee's claim, as discussed in Division 1, it is doubtful such evidence contributed to the jury's verdict.

3. Appellant enumerates as error the trial court's failure to state in its charge on fraud that the alleged misrepresentation must be made by the defendant to the plaintiff. However, as we determined in Division 1 of this opinion, privity is not required in this cause of action in tort. Appellant also contends the charge failed to set forth the burden on appellee to prove each element of fraud by a preponderance of the evidence. Although the court did not give such a charge in

the exact language requested by appellant, a review of the entire charge given by the court reveals that the principle was covered by the court's general charge. *Brand Banking Co. v. Roosman*, 199 Ga. App. 58 (3) (404 SE2d 286) (1991). Appellant argues further that the court's charges on constructive fraud and latent defects were erroneous, but appellant did not object to the charges in the trial court. " '[O]n appeal only issues properly raised before the trial court will be considered. [Cits.]' [Cit.]" *Venture Design v. Original Appalachian Artworks*, 197 Ga. App. 432, 434 (3) (398 SE2d 781) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 9, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

*John M. Brown,* for appellant.
*Forrester & Brim, James E. Brim III,* for appellee.