A94A1081. WMI URBAN SERVICES, INC. v. ERWIN et al.
(450 SE2d 830)

POPE, Chief Judge.

Plaintiffs Alex and Roxanna Erwin purchased a home in the summer of 1988. They required a termite inspection report prior to purchase, and the seller hired defendant WMI Urban Services, Inc., doing business in Atlanta as Tindol/Getz, to inspect the premises and provide the report. The Tindol/Getz report stated that there had been termite infestation in the past, but that there was no visible evidence of damage to the home. In December 1988, plaintiffs discovered that although there was no active infestation, their home had been severely and extensively damaged by the earlier infestation of termites. Support jacks had been installed to shore up the structure, and the damage to the wooden beams had been concealed with black paint. Having failed to find this damage, Tindol/Getz was willing to make limited repairs to the basement of the home and hired a contractor to do so. In January 1989 plaintiffs learned that the upper levels of the house were damaged as well, however; and Tindol/Getz

refused to meet plaintiffs' demand that it pay for the extensive repairs necessary throughout the house. Plaintiffs then brought this action, and the jury awarded them $93,500 in general damages and $11,500 for costs of litigation. Tindol/Getz appeals from the trial court's denial of its motions for directed verdict and j.n.o.v.

1. In three enumerations of error, defendant challenges the sufficiency of plaintiffs' proof of damages. Viewing the evidence in a light favorable to the verdict, it appears that T. Z. Chastain, an expert engineer specializing in residential home inspections and structural problems, testified that when he and his staff inspected the home in January 1989, there were approximately 140 linear feet of damaged wood in the basement. Furthermore, there was damage in the common wall between the porch and dining room and the bedroom and closet on the upper floors. In his opinion, the damage was so extensive that plaintiffs should just clear the ground and start over. Charles F. Logan, an expert in remodeling and cost estimating, testified that based on his estimate in November 1989, the work plaintiffs needed would cost at least $56,511, possibly more. He also testified that the work would take from 12 to 16 weeks, and that plaintiffs would have to remove themselves and all their furniture and belongings for the entire period.

This is sufficient evidence to support an award of damages. See *Shepherd v. Aaron Rents*, 208 Ga. App. 139 (3) (430 SE2d 67) (1993). Contrary to Tindol/Getz' assertion, an expert may state his opinion and the facts on which that opinion is based, even if the opinion is based in part on hearsay. See *King v. Browning*, 246 Ga. 46 (1) (268 SE2d 653) (1980). Nor was the evidence rendered too speculative because Logan's cost estimate was given approximately ten months after the full extent of the damage was discovered. The trial court properly instructed the jury that the relevant time for measuring damages was the time of discovery, and the jury was able to base an estimate of what the repairs would have cost then on what the expert said they would cost less than a year later, particularly since the evidence was that there was no active infestation so the damage was not getting worse during that time. Compare *Kieffer v. Linton*, 196 Ga. App. 327 (2) (396 SE2d 13) (1990) (where damage was discovered in June 1987 and the estimate was from 1989, at least 18 months later, plaintiff needed to present evidence of how much construction labor costs changed during intervening period).

2. Defendant next argues that it should at least have been granted a directed verdict as to plaintiffs' claim for attorney fees and costs under OCGA § 13-6-11, as there was no evidence of bad faith or stubborn litigiousness on its part. A jury award of attorney fees and costs under OCGA § 13-6-11 will be affirmed if there is any evidence from which the jury could have concluded that there was no bona fide

controversy. *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80, 81 (390 SE2d 31) (1990). Here, there was evidence that Tindol/Getz knew of the prior infestation and damage,[1] yet the Tindol/Getz inspector failed to probe the painted wood. Given the evidence of the extensiveness and severity of the damage, the jury could have found that there was no question that a termite inspector should have found it, even if the damaged wood was painted to conceal the damage from casual view. And even though Tindol/Getz made some initial efforts to accommodate plaintiffs with respect to their basement, there was evidence that it refused to repair the upper floors even though the damage to those floors was clearly termite related. Accordingly, there is evidence from which the jury could conclude there was no bona fide controversy, and the trial court did not err in denying Tindol/Getz' motion for directed verdict on this issue.

3. Defendant also contends the jury should not have been charged on fraud, because the plaintiff in a fraudulent concealment action must show that the alleged defrauder had actual (not merely constructive) knowledge of the concealed fact, and there was no evidence that the termite inspector actually knew the house was damaged when he falsely stated that it was not. See *Butler v. Terminix Intl.*, 175 Ga. App. 816 (2) (334 SE2d 865) (1985). The individual inspector is not the defendant here, however; Tindol/Getz is. Though the inspector signed the report, the report was the product and statement of Tindol/Getz; and there was evidence that Tindol/Getz had documents showing that the house had termite damage in 1984, and these documents did not show that the damage was repaired. Cf. *Wolfe v. Chrysler Corp.*, 734 F2d 701 (11th Cir. 1984) (applying Georgia law, Eleventh Circuit held that for purposes of scienter in fraud action, corporation is charged with knowledge of information stored in its computer). Thus, a jury could have found defendant Tindol/Getz committed fraud, and the trial court did not err in its charge.

4. We have considered Tindol/Getz' remaining enumerations of error and find them to be without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 28, 1994 —
RECONSIDERATION DENIED NOVEMBER 29, 1994 —

*Swift, Currie, McGhee & Hiers, L. Bruce Hedrick, Jr.,* for appellant.

*Peebles & Newman, Charles F. Peebles, George H. Connell, Jr.,*

---

[1] Getz, Inc., Tindol/Getz' predecessor, had treated the home since 1965, and Tindol/Getz had the file on the home.

*Joe P. Redd,* for appellees.