A98A0960, A98A0961. MORRIS et al. v. SAVANNAH VALLEY REALTY, INC.; and vice versa.
(505 SE2d 259)

POPE, Presiding Judge.

H. Carter Morris and Angie Morris entered into an exclusive listing agreement authorizing Savannah Valley Realty, Inc. to sell or lease property described as a "floating restaurant." The written agreement provides that the Morrises must pay a ten percent commission on any sale or lease of the property procured by Savannah Valley. The agreement further states that the exclusive listing means the Morrises must pay Savannah Valley the commission even if the Morrises themselves find a buyer during the one-year term of the agreement. Before the one-year term of the listing agreement expired, the Morrises entered into a lease and purchase contract with Riverwalk Cruise Lines, Inc. That contract provided that Riverwalk would lease the Morrises' Princess Augusta riverboat until exercising an option to buy the boat at the end of 1995, 1996 or 1997.

Savannah Valley sued the Morrises, claiming that under the exclusive listing agreement it is entitled to a ten percent commission on the lease and sale of the Princess Augusta to Riverwalk, plus attorney fees caused by the Morrises' stubborn litigiousness and unnecessary delay in refusing to pay the commission. The Morrises defended the lawsuit, in part, by asserting that the listing agreement is unenforceable because it does not adequately identify the Princess Augusta as its subject matter. The case was tried before a jury, which returned a verdict for Savannah Valley in the amount of $12,960 plus attorney fees. The trial court entered judgment on the verdict, awarding Savannah Valley the $12,960 and $4,602 as the amount of attorney fees stipulated to by the parties. The Morrises appeal from the court's judgment, and Savannah Valley cross-appeals.

*Case No. A98A0960*

1. The Morrises allege the trial court erred in admitting the listing agreement into evidence and in failing to direct a verdict in their favor. They support both allegations with the argument that the listing agreement is unenforceable because it does not sufficiently identify the Princess Augusta as its subject matter. The Morrises make no claim that the Princess Augusta is not actually the property covered by the listing agreement; on the contrary, at trial and in their appellate briefs they have acknowledged that it is in fact the subject of the contract. They argue only that the property description in the contract is insufficient. This argument is without merit.

The listing agreement names the Morrises as the property owners and gives their address. The agreement identifies the type of property as a floating restaurant and gives the property's address as 1-R Riverfront in Richmond County. The contract provides that the property is located one-quarter of a mile from North Augusta, that the nearest city to it is Augusta, and that the property is surrounded by water on the Savannah River. The document further describes the property as being thirty-two feet by sixty-four feet, having two stories, and having a steel hull and frame.

This description of the property is not so indefinite as to render the listing agreement unenforceable. "[I]t has long been the rule in this state that the description of property placed in the hands of a broker for sale does not need to be as definite and complete as that which should be made in deeds of conveyance." (Citations and punctuation omitted.) *Intl. Business &c. v. Archer Motor Co.*, 187 Ga. App. 97, 100 (369 SE2d 268) (1988); *Keith v. Byram*, 118 Ga. App. 364, 365 (163 SE2d 753) (1968). "[A]ll that is necessary to recover on [a listing agreement] is to allege and prove that the property attempted to be described in the contract is the same property intended to be listed by the owner and offered for sale by the broker." *Orr v. Smith*, 102 Ga. App. 40, 43 (115 SE2d 601) (1960). "If there is doubt of the description of property which is the subject of a listing contract, the description may be aided by extrinsic evidence. [Cit.]" *Campbell v. Mut. Svc. Corp.*, 152 Ga. App. 493, 497 (4) (263 SE2d 202) (1979).

In the instant case, Angie Morris testified at her deposition that the Princess Augusta is definitely the subject of the listing agreement. At trial, both the Morrises testified that the Princess Augusta is the subject of the listing agreement. Two Savannah Valley employees also identified the Princess Augusta as the subject of the agreement. Based on this extrinsic evidence verifying that the Princess Augusta is in fact the subject of the listing agreement, the contract is sufficiently definite and enforceable. See *Davis v. Boyd*, 118 Ga. App. 198, 199 (1) (162 SE2d 880) (1968). Accordingly, the trial court com-

mitted no error in admitting the listing agreement into evidence or in denying a directed verdict to the Morrises.

2. The Morrises also claim the contract is unenforceable because it contains the following indefinite exclusion provision: "Exclusions from this agreement are: John Connelly, Jim Pledger, and Mark B." Although the meaning of this provision may be uncertain, it may also be explained by parol evidence. "It is well-settled that the policy of the law is against the destruction of contracts on the ground of uncertainty if it is possible in the light of the circumstances under which the contract was made to determine the reasonable intention of the parties. Parol evidence is admissible to explain an ambiguity but where the degree of indefiniteness imparts no meaning at all, there is nothing to explain." (Citations and punctuation omitted.) *Gram Corp. v. Wilkinson*, 210 Ga. App. 680, 681 (1) (437 SE2d 341) (1993). See also OCGA § 13-2-2 (1). Here, the exclusion provision is not so indefinite as to impart no meaning at all. Its meaning was fully explained by Angie Morris and the two Savannah Valley employees, all of whom testified that under the exclusion, Savannah Valley is not entitled to a commission if the Princess Augusta is bought by any of the three people named in the provision. Because the parties' intentions regarding this exclusion provision were made certain by parol evidence, the court did not err in finding the contract to be enforceable. See *Thomas v. American Global Ins. Co.*, 229 Ga. App. 107, 108-109 (2) (a) (493 SE2d 12) (1997).

3. The Morrises challenge the sufficiency of the evidence supporting the award of attorney fees. "OCGA § 13-6-11 allows for the award of attorney fees where the defendant has acted in bad faith, been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. A trial court's award of attorney fees under this Code section is to be affirmed if there is any evidence to support it. [Cit.]" *G.I.R. Systems v. Lance*, 228 Ga. App. 329, 332 (7) (491 SE2d 530) (1997). Here, Savannah Valley did not allege bad faith, but sought attorney fees only on the grounds of stubborn litigiousness and unnecessary trouble. If bad faith is not an issue and the basis for attorney fees is either stubborn litigiousness or unnecessary trouble and expense, there is not any evidence to support an award pursuant to OCGA § 13-6-11 if a bona fide controversy clearly exists between the parties. *Fuel South v. Metz*, 217 Ga. App. 731, 732 (1) (458 SE2d 904) (1995).

The Morrises argue that the clear existence of a bona fide controversy, as proved by the fact that Savannah Valley received less in damages than it sought, precludes a finding of stubborn litigiousness or unnecessary trouble. That argument has been rejected by this Court. See *Chapman v. Hepburn*, 191 Ga. App. 909, 910 (2) (383 SE2d 352) (1989); *Ga.-Carolina Brick &c. Co. v. Brown*, 153 Ga. App.

747, 750-754 (2) (B) (266 SE2d 531) (1980). While the disparity between the damages sought and those actually awarded may be some evidence of a bona fide controversy, it does not mandate a finding that there is a bona fide controversy. Id. In the present case, the jury could have found that there was no bona fide controversy given the Morrises' admissions that the Princess Augusta is in fact the subject of the contract. The jury therefore could have concluded that the Morrises were stubbornly litigious or caused unnecessary trouble and expense by refusing to honor the contract. See *Leventhal v. Seiter*, 208 Ga. App. 158, 164 (7) (430 SE2d 378) (1993). Because the award of attorney fees was supported by some evidence, it must be upheld. See *WMI Urban Svcs. v. Erwin*, 215 Ga. App. 357, 358-359 (450 SE2d 830) (1994).

### Case No. A98A0961

4. In its cross-appeal, Savannah Valley contends the trial court erred in denying its motion for judgment notwithstanding the verdict as to the amount of damages. Savannah Valley argues there is no dispute the Morrises sold the boat to Riverwalk for $525,000, and thus the award should have been for $52,500, which would be the ten percent commission required by the listing agreement.

"The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to shock the conscience. Moreover, the trial court's approval of the verdict creates a presumption of correctness that will not be disturbed absent compelling evidence." (Citations and punctuation omitted.) *Wells v. Roberts*, 225 Ga. App. 112, 113 (1) (483 SE2d 339) (1997). See OCGA § 13-6-4. In the present case, there is not compelling evidence to disturb the jury's verdict. Contrary to Savannah Valley's argument, the evidence does not demand a finding that the boat was sold for $525,000. There is evidence that Riverwalk did not ultimately buy the boat and instead defaulted on the lease. Moreover, the evidence is unclear as to how much money the Morrises actually received under the lease agreement. Under these circumstances, we cannot say the award of damages is so inadequate as to shock the conscience. The trial court therefore did not err in sustaining the verdict. See *Turpin v. Worley*, 206 Ga. App. 341, 342-343 (1) (425 SE2d 895) (1992).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED AUGUST 3, 1998.

William A. Trotter III, Mary H. Story, for appellants.
Allgood, Childs, Mehrhof & Millians, Richard R. Mehrhof, Jr., for appellee.