A02A1900. GRIFFIN v. GREENE COUNTY HOSPITAL AUTHORITY.
(578 SE2d 913)

ADAMS, Judge.

Janet L. Griffin filed suit against Greene County Hospital Authority d/b/a Minnie Boswell Memorial Hospital, asserting that the hospital authority had unlawfully terminated her written employment contract. The matter proceeded to trial, and the jury returned a verdict in favor of Griffin in the amount of $47,800. She now appeals following the trial court's denial of her motion for new trial.

1. Griffin asserts that she is entitled to a new trial because the amount of the jury's verdict is not supported by the evidence at trial. Griffin entered into a written employment contract with the hospital authority for a term of three years, beginning May 1, 1999. Under the terms of the contract, Griffin was entitled to a guaranteed net

---

income payment of $160,000 during the first 12 months of her employment. The hospital authority made only one monthly payment of $13,333 to Griffin on May 3, 1999. And by letter dated June 1, 1999, the hospital authority notified Griffin that it had elected to terminate the contract. At trial, the hospital authority contended that the termination was proper because it had not authorized the contract and because Griffin's practice was not in operation in Greensboro, Georgia, on May 1 as required by the contract.

Griffin asserts that by awarding her some money, the jury must have found that there was a valid contract, and she contends, therefore, that she is entitled to a verdict in a minimum amount of $146,667, which is the balance owing on her guaranteed salary. In support of her argument, she notes that the hospital authority presented no evidence of any alternative damage figure but primarily asserted that there was no valid contract.[1]

Our review of the jury's verdict is limited, and "[i]f there is 'any evidence' to support the verdict we cannot disturb it." (Citations and punctuation omitted.) *Bishop Contracting Co. v. North Ga. Equip. Co.*, 203 Ga. App. 655, 657 (1) (417 SE2d 400) (1992). For this Court to overturn a jury's verdict, it must be "so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors." (Citation and punctuation omitted.) *Morris v. Savannah Valley Realty*, 233 Ga. App. 762, 765 (4) (505 SE2d 259) (1998). Moreover, because the trial court approved the verdict in denying Griffin's motion for new trial, a presumption of correctness arises that will not be disturbed absent compelling evidence. Id.

Contrary to Griffin's contention, the jury was not required to award her the balance of the contract's guaranteed net income. Even if the jury found that Griffin's contract was valid, it could have found under the language of the contract that the guarantee of income was in consideration for services rendered, and the evidence demonstrated that Griffin did not render the services required by the contract, although the reasons for her failure to perform were in dispute. The evidence showed that Griffin was unemployed for three months following the termination of her contract and then opened her own practice in Greensboro. The amount of the jury's verdict exceeded the amount necessary to compensate Griffin for the guaranteed income during the three-month period of unemployment, plus moving expenses. Accordingly, we do not find compelling evidence to disturb the jury's verdict.

---

[1] In fact, the hospital authority counterclaimed to recover the $13,333 payment it made to Griffin.

2. Griffin also asserts that the trial court erred in not admitting the deposition of John M. Herron, who was designated as the hospital authority's agent to testify in response to Griffin's request for a deposition under OCGA § 9-11-30 (b) (6). "[T]he correctness of [the deposition's] admission or exclusion is . . . predicated on the harmless error rule." *North Ga. Feed &c. Co. v. Ultra-Life Laboratories*, 118 Ga. App. 149, 151 (1) (162 SE2d 803) (1968). Although the hospital authority concedes that the deposition was admissible under OCGA § 9-11-32 (a), it contends that the failure to admit the deposition was harmless error.

Griffin offered Herron's deposition in rebuttal and for impeachment purposes at the close of the parties' evidence. Herron became the hospital administrator on August 6, 1999, two months after the termination of Griffin's contract. As a result, he had no direct personal knowledge of Griffin's contract or its termination. Under those circumstances, Herron's deposition testimony had no probative value as to the matters for which it was proffered, and we find that it was harmless error to exclude it. See *Brand Banking Co. v. Roosman*, 199 Ga. App. 58, 59 (404 SE2d 286) (1991).

*Judgment affirmed. Ruffin, P. J., concurs. Barnes, J., concurs and concurs specially as to Division 2.*

BARNES, Judge, concurring specially.

Although I concur fully in Division 1 and in the judgment, and I believe that the error addressed in Division 2 may well be harmless for other reasons, I cannot concur in the analysis expressed in Division 2. The hospital authority designated Herron as its representative to be deposed under OCGA § 9-11-30 (b) (6). As such, Herron was to "testify as to matters known or reasonably available to the organization." Id. Having designated Herron as its representative, the hospital authority cannot now be allowed to disclaim Herron's knowledge of the facts of the case. Accordingly, I must specially concur.

DECIDED MARCH 10, 2003 — ▮

*Martin L. Fierman*, for appellant.
*Blasingame, Burch, Garrard, Bryant & Ashley, Gary B. Blasingame, Sean P. Dolan*, for appellee.