RAY, Judge,
dissenting.
I respectfully dissent to the majority’s opinion because I believe it was within the trial court’s discretion to exclude that portion of Dr. Alexander’s OCGA § 9-11-30 (b) (6) deposition testimony regarding whether the standard of care in the instant case required Dr. Yugueros to order a CT scan. Further, even if the trial court erred in this decision, I believe that such error was harmless. See Griffin v. Greene County Hosp. Auth., 260 Ga. App. 122, 124 (2) (578 SE2d 913) (2003).
As noted by the majority, Robles sent a deposition notice to Artisan requesting that the company produce an OCGA § 9-11-30 (b) (6) representative to be deposed regarding, inter alia, “[t]he care and treatment rendered by Patricia Yugueros, M.D. to Iselda Moreno.” In response to that notice, Artisan provided its president and founding partner, Dr. Alexander. At the deposition, Dr. Alexander erroneously testified that a CT scan had been ordered during the course of Moreno’s treatment. Robles’s counsel asked Dr. Alexander, “Do you know who ordered a CT scan?” She responded that “I suspect Dr. Yugueros ordered it.” Robles’s counsel then inquired, “[w]ould that, given your understanding, have been a part of the standard of care to order a CT scan?” Defense counsel objected “to the form” of the question, but Dr. Alexander testified that “[i]f you don’t understand *330 why the patient — why they’re having pain, it would be standard of care to — if you don’t know what’s going on, that would be a — yes. The answer is, yes, a CT scan would be — it would provide more information.”
The defendants sought to exclude this portion of Dr. Alexander’s deposition testimony at trial. In the motions hearing regarding this issue, defense counsel argued, inter alia, that the testimony regarding the standard of care was inadmissible because Dr. Alexander had not been qualified as an expert witness and, thus, was not eligible to offer her testimony as to the standard of care, and because Dr. Alexander did not base her opinion regarding the standard of care upon the facts of the case.
As noted in the majority’s opinion, one of the trial court’s stated reasons for granting the defendants’ motion in limine to exclude this statement was that Dr. Alexander’s opinion was not based on all the data necessary to form a valid expert opinion. Dr. Alexander’s statement was clearly not based upon the facts of the case, as she erroneously believed that Dr. Yugueros had ordered a CT scan. See OCGA § 24-7-702 (b) (A witness qualified as an expert may offer opinion testimony if it is based upon sufficient facts or data and is the product of reliable principles and methods and if the witness has applied the principles and methods reliably to the facts of the case). See also Ga. Dept. of Transp. v. Owens, 330 Ga. App. 123, 127 (1) (766 SE2d 569) (2014) (“The question of whether a witness is qualified to render an opinion as an expert is a legal determination for the trial court and will not be disturbed absent a manifest abuse of discretion”) (citations and punctuation omitted). Here, because Dr. Alexander’s opinion clearly was based, at least in part, on an erroneous statement of fact, I do not believe that the trial court abused its discretion in excluding it.[1]
Further, even if the trial court’s exclusion of this testimony was in error, I believe that such error was harmless in light of other properly admitted expert testimony providing the same opinion and in light of Robles’s opportunity, but failure, to call Dr. Alexander to the stand to question her on this issue. See, e.g., Griffin, supra at 124 (2) (trial court’s error in failing to admit deposition testimony of defendant’s designated OCGA § 9-11-30 (b) (6) deponent was harmless error). See also Marathon Oil Co. v. Hollis, 167 Ga. App. 48, 53 (5) (305 SE2d 864) (1983) (trial court’s exclusion of plaintiff’s deposition did *331 not require reversal where plaintiff was called as a witness at trial and was thoroughly cross-examined by appellant’s counsel, and the deposition was used for impeachment purposes). Robles presented opinion testimony from other properly qualified expert witnesses that Dr. Yugueros allegedly violated the standard of care by not ordering a CT scan to investigate the source of Moreno’s pain, and that a CT scan was necessary and would have shown the presence of free air and the acute abdominal condition. Robles was likewise not prohibited by the trial court from calling Dr. Alexander as a live witness to testify; this he chose not to do.[2]
Decided November 20, 2015
Reconsideration denied December 15, 2015
Isenberg & Hewitt, Brent J. Kaplan, for appellants.
Carlock, Copeland & Stair, Thomas S. Carlock, Wayne D.McGrew III, Neil T. Edwards; Huff, Powell & Bailey, M. Scott Bailey, Erica S. Jansen, for appellees.
For the above reasons, I respectfully dissent to the majority’s opinion.
I am authorized to state that Presiding Judge Andrews joins in this dissent.

 Additionally, the defendants objected to the form of the question about the standard of care. While I have no doubt that Dr. Alexander could have been qualified as an expert to answer such question, it does not appear to me that she was asked the necessary questions to have been so qualified.

 Notably, Robles could have called Dr. Alexander to the stand, established that she had credentials to qualify as an expert on the subject of the requisite standard of care, ensured that she was fully apprised of the facts of the case, and then asked her whether the standard of care in this situation would have required that Dr. Yugueros order a CT scan. If Dr. Yugueros had responded that it would not, then Robles could have sought to impeach her testimony with her statements in her deposition.