### 51395. MATHIS v. THE STATE.

STOLZ, Judge.

The defendant appeals from her conviction of aggravated assault.

1. The verdict and judgment were authorized by the direct evidence of the victim plus four eyewitnesses,

whose testimony the jury was authorized to believe rather than the defendant's.

2. Where defense counsel objected to testimony that the accused had admitted to the witness that she had shot the victim, on the ground that no proper foundation had been laid, and moved to expunge that portion of his testimony, and the judge instructed the jury to disregard "that testimony wherein the sheriff says that she stated she shot somebody," the judge was not required to grant a mistrial on his own motion where defense counsel made no objection to the instruction given and failed to specify what further form of relief, if any, was desired. See *Seaboard C. L. R. Co. v. Wallace,* 227 Ga. 363 (180 SE2d 743).

3. The sustaining of the state's objection to the question whether the victim would have continued beating the defendant if the victim's husband had not held her (the victim), on the ground that it called for a conclusion on the part of the witness, if error, was harmless, inasmuch as the jury might reach that same conclusion from testimony that the victim had been beating the defendant and that she tried to get loose from her husband's grasp as he held her.

4. The charge based on the provisions of Code Ann. § 26-902 (b) (Ga. L. 1968, pp. 1249, 1272), to the effect that the defendant was not justified in using force in self-defense if she initially provoked the use of force or if she was the aggressor, was authorized by evidence that the defendant had walked in where the victim was sleeping, slapped her, then followed her into another room and slapped her again.

5. Where the evidence showed that the defendant was not intoxicated, and relied on the defense of self-defense in the trial of her case, we cannot consider the ground of error, raised for the first time in the brief on appeal, that the judge erred in failing, without a request, to charge on voluntary intoxication in connection with his charge on intent. See *Newberry v. State,* 126 Ga. App. 81 (2) (189 SE2d 891).

6. The trial judge did not err in sentencing the defendant for the offense committed prior to the effective date of Ga. L. 1974, p. 352, providing for sentencing by the

judge, rather than having the jury conduct the sentencing. *Henderson v. State,* 134 Ga. App. 898 (6) (216 SE2d 696) and cits.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED OCTOBER 29, 1975 — DECIDED NOVEMBER 21, 1975.

*Grogan, Jones & Layfield, John C. Swearingen, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.