### 52875. WILHITE v. MAYS et al.
### 52876. MAYS v. WILHITE.

STOLZ, Judge.

Appellee E. Harold Mays brought suit against the appellant, Sammie D. Wilhite, and Otis C. Cartledge seeking damages from the appellant for fraud and from Mr. Cartledge for negligent construction of the sewerage system for a house. Wilhite cross claimed against Cartledge for any amount found to be owing by the appellant to the appellee. Wilhite sold to Mays a house equipped with a septic tank, which overflows during rainy weather and which Wilhite had never been able to repair. The house had been built four years previously by Cartledge.

Cartledge was dismissed from the suit below upon his motion for a directed verdict raised after the Mays' case in chief. At the same time the cross claim was dismissed due to a lack of venue over Cartledge. Final judgment was rendered against the appellant on a jury verdict in the appellee's favor, and this appeal followed.

1. Appellant Wilhite raises several objections to the court's dismissal of his co-defendant from the principal action. However, these objections are meritless. "One of several defendants in an action, not on a joint cause of action, cannot complain of the direction of a verdict for the other defendants. *Brissette v. Munday,* 222 Ga. 162 (149 SE2d 110); *Collier v. Hyatt,* 110 Ga. 317 (35 SE 271)." *Clonts v. Associated Distributors,* 132 Ga. App. 558 (1) (208 SE2d 570) (1974).

2. Appellant Wilhite contends that the Richmond

County court erred in dismissing his "cross claim" against Cartledge, a resident of Columbia County. Cartledge in his answer asserted lack of jurisdiction over his person by reason of non-residency in Richmond County. Our Constitution would authorize the Richmond County court to try this case and acquire jurisdiction over Cartledge's person if the co-defendants were joint tortfeasors. Code § 2-4904. The plaintiff proceeded against the appellant Wilhite on a theory of fraud and against Cartledge on the theory that he was negligent in the original construction of the home. These claimed, independent, tortious acts did not concur in causing the same injury. See *Southeastern Greyhound Lines v. Estes,* 68 Ga. App. 248 (22 SE2d 679). Thus, the defendants were not joint tortfeasors and Cartledge was not subject to suit in Richmond County.

3. Appellant Wilhite enumerates as error the trial judge's denial of his motion for judgment notwithstanding the verdict. He contends that, as a matter of law, passive concealment of a material defect in property sold, i.e., simple failure by the seller to mention that the house in question had grave problems with its sewerage system, will not support a finding of fraud. The appellant claims that caveat emptor still applies in such situations.

It should first be noted that cases dealing with the alleged fraud of a seller of property can be divided into three general areas. First is the situation where the seller by words or acts positively misrepresents a fact; in other words, the seller tells a lie. Such would be the case here if Mays had asked if the septic tank operated properly and Wilhite replied in the affirmative. Secondly, there exists a situation of active concealment, where the seller does not discuss the defect in issue, but takes steps to prevent its discovery by the prospective buyer. In both of the above types of cases, courts have had no difficulty in finding fraud. E.g., *Young v. Hall,* 4 Ga. 95 (1848); *Southern v. Floyd,* 89 Ga. App. 602 (80 SE2d 490) (1954).

Thirdly, there is the situation where the seller knows of a material defect. He does not attempt to hide the problem from the prospective buyer and he does not prevaricate. He simply keeps his mouth shut. In situations such as this, the general rule in sales of real property has been caveat emptor — let the buyer beware.

As stated by Lord Cairns in the landmark case of Peek v. Gurney, L. R. 6 H. L. 377, 403 (1873), "Mere non-disclosure of material facts, however morally censurable . . ., would in my opinion form no ground for an action in the nature of misrepresentation."

The rule of caveat emptor as expressed by Lord Cairns is a statement of the mores of medieval through nineteenth-century England (and America), and apparently worked well in agricultural societies, as evidenced by its centuries of acceptance. However, the sale of farm acreage cum simple residence — the type of transaction to which caveat emptor originally addressed itself — is very different from the sale of a modern home, with complex plumbing, heating, air conditioning, and electrical systems, which is possibly built on ground considered unsuitable for construction until recent years. The ancient rule in a case like that sub judice, is no longer an expression of American mores, as a panel of twelve citizens, the jury, expressed in its verdict.

Therefore, in cases of passive concealment by the seller of defective realty, we find there to be an exception to the rule of caveat emptor, which exception is applicable to the instant case. That exception places upon the seller a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect its decision. Prosser, Law of Torts 697—698 (4th Ed. 1971); Keeton, Fraud — Concealment and Non-Disclosure, 15 Tex. L. Rev. 1, 37-39 (1936); See Rothstein v. Janss Inv. Corp., 45 Cal. App. 2d 64 (113 P2d 465) (1941) (improperly filled ground); Kaze v. Compton, 283 SW2d 204 (Ky. 1955) (drain under house causing yard to flood); Williams v. Benson, 3 Mich. App. 9 (141 NW2d 650) (1966) (termites); Brooks v. Ervin Construction Co., 253 N. C. 214 (116 SE2d 454) (1960) (house located on improperly filled ground).

In the instant case, Mays agreed to buy a house which appeared to be in normal working order. He did not have knowledge of the fact that there was a major defect underground in the house's sewerage system. Wilhite had knowledge of the condition and surely knew that

information concerning the defective condition would have significantly affected May's decision. Thus, there were facts upon which the jury could properly find the existence of fraud, and the trial judge did not err in denying appellant Wilhite's motion for judgment notwithstanding the verdict.

4. During his closing argument, the appellee made a prejudicial comment. The record shows that the appellant then requested the court to instruct the jury to disregard the remark. The judge did so. After the judge's statement to the jury, the appellant claimed that an admonition to the jury was insufficient and a mistrial must be declared.

We hold that the appellant's claim of error due to the judge's refusal to declare a mistrial is without merit. When the trial judge granted the appellant's first motion by admonishing the jury, the appellant was afforded the relief provided under Code § 81-1009. Therefore, the appellant's later motion for declaration of a mistrial was untimely, and it was not error for the court to deny it. See *Seaboard C. L. R. Co. v. Wallace,* 227 Ga. 363 (180 SE2d 743) (1971); *Mathis v. State,* 136 Ga. App. 701 (2) (222 SE2d 647) (1975); *Culpepper v. State,* 132 Ga. App. 733 (5) (209 SE2d 18) (1974).

5. Due to our holding in Division 3 of this opinion, the appellant's contention that part of the charge to the jury was in error is without merit.

6. As we affirm the judgment on the main appeal, the cross appeal is moot and will be dismissed.

*Judgment affirmed in Case No. 52875; appeal dismissed in Case No. 52876. Bell, C. J., and Clark, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED DECEMBER 3, 1976 — REHEARING DENIED DECEMBER 16, 1976, IN CASE NO. 52875 —

*Fulcher, Hagler, Harper & Reed, William C. Reed,* for appellant.

*Jay M. Sawilowsky,* for appellees.