A89A1862. WEBB et al. v. RUSHING et al.
(391 SE2d 709)

COOPER, Judge.

Appellants brought suit against appellees, alleging fraudulent concealment and misrepresentation regarding termite damage and roof defects in the sale of a house. Summary judgment was granted to the appellees and this appeal followed.

Prior to closing on the sale, appellants conducted two visual inspections of the residence. On the first visit, appellants viewed the complete interior, including the roof and attic. They found no evidence of insect infestation or water or structural damage inside. However, they did discover a warped, discolored area on the ceiling of the porch, which Mr. Rushing identified as a leak, the only leak in the roof. Following that initial visit, the parties agreed on a purchase price and appellants, though aware of the leaks on the porch, signed a document certifying their inspection and their judgment that the house was in good working order, the roof was water tight, and there were no broken panes.

Between the two visits, an exterminator was hired to provide a termite inspection letter. He discovered and treated a "minor" infestation of subterranean termites, but reported that the house was free of other wood destroying insects or fungus, structural damage, or rotten timbers. During this interim, a Veterans Administration appraiser also inspected the house and found no damage.

By the second visit, Mr. Rushing had repaired the porch leak, which the appellants re-examined, as well as the rest of the house. They signed two inspection documents prepared by the exterminator reporting his findings. The second document, reflecting the results of a re-inspection after treatment, recited no active infestation or damage.

Shortly after appellants moved in, the den roof leaked during a storm. They then noticed a patch in the roof in the area of the leak. When Mr. Rushing was contacted, he remembered there once had been a leak in the den. Subsequently, more leaks developed, most of which have gone unrepaired. Appellants also discovered termites in the kitchen and den. An exterminator's investigation revealed insect infestation and damage to the den floor, the subflooring, and the frame and jambs of the entrance door. It was also apparent that some of the den floor tiles had been patched and structural repairs were made in other areas of the house during the thirty-three years the appellees resided there.

1. Appellants' contend in their first enumerated error that the trial court erred in determining that the appellants presented no evidence concerning appellees' knowledge of pest damage.

"[I]n a fraudulent concealment action the allegedly defrauded party must prove that the alleged defrauder had *actual*, not merely constructive, knowledge of the fact concealed. [Cits.] . . . There must be some evidence of the silent party's actual knowledge that the defect exists at the time of the sale from which his 'moral guilt' in concealing it can be inferred. [Cits.]" *Lively v. Garnick*, 160 Ga. App. 591, 593 (287 SE2d 553) (1981).

The record reveals that appellees occupied the home for thirty-three years. During those years, various repairs were made. There is no indication that prior to the completion of the exterminator's inspection appellees knew of any pest infestation or damage. Appellants urge the court to infer actual knowledge from the repairs which they allege were made to conceal damage. The trial court found, however, and we agree, that at best this knowledge would be constructive, which is insufficient to support an action for fraud.

2. Appellants contend the court erred in determining that they presented no evidence concerning appellees' affirmative concealment of roof leaks. They maintain that they justifiably relied on the representation made by Mr. Rushing concerning the roof. The buyer must prove, however, "that the vendor's concealment of the defect was an act of fraud and deceit, including evidence that the defect 'could not have been discovered by the buyer in the exercise of due diligence . . . .' [Cit.]" *Lively*, supra at 593.

The trial court found that appellants' reliance was misplaced by virtue of their knowledge of the porch leak and their failure to inspect the roof more extensively themselves or to hire an expert to do so. We agree that knowledge of the porch leak demanded further inquiry by the appellants. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of the parties." *Goldman v. Hart*, 134 Ga. App. 422 (3) (214 SE2d 670) (1975). Appellants are, therefore, chargeable with the knowledge of the roof's actual condition and could not have relied justifiably on Mr. Rushing's statement.

3. Appellants contend the trial court erred in granting appellees' motion for summary judgment.

"The decisive question in determining the propriety of the grant of summary judgment is whether appellee has carried the burden imposed by OCGA § 9-11-56 in showing the absence of any genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. 'The five elements of fraud and deceit in Georgia are:

(1) false representation made by the defendant; (2) scienter; (3) an extension to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff. (Cits.)'" *Brown v. Rowe*, 178 Ga. App. 575 (2) (344 SE2d 245) (1986).

Appellees' evidence pierced the allegations of appellants' pleadings and appellants have not raised questions of fact as to the elements of scienter relative to pest infestation and justifiable reliance relative to roof defects. Accordingly, the trial court correctly determined that the appellees were entitled to summary judgment. *Brown*, supra.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 6, 1990.

*Oldfield & Wilson, William G. Cromwell*, for appellants.
*Jones, Bordeaux & Associates, H. Gregory Fowler*, for appellees.

