A95A1927. REAL ESTATE INTERNATIONAL, INC. et al.
v. BUGGAY.
(469 SE2d 242)

BIRDSONG, Presiding Judge.

After the grant of authority for an interlocutory appeal, Real Estate International, Inc. ("REI"); Dagmar Sands, REI's broker; and Pil Ja Kim, REI's listing agent (collectively "Real Estate International") appeal the denial of their motion for summary judgment in Larry Dwayne Buggay's action for fraud and negligent misrepresentation arising from Buggay's purchase of a house from Eun Chung and Agnes Chung, clients of Real Estate International. Buggay's complaint alleged that Real Estate International represented that visible water damage and water standing under a house Buggay intended to buy was caused by a poor rainwater drainage system from a hill on the property, that repair modification, or correction of the drainage system would cure any future water damage, and that the property was in sound structural condition. Buggay asserts that the real reason for the water problems, however, was an underground spring under the house, that repairs to the drainage system did not cure the problems, and that the property was not structurally sound. Buggay further contends that Real Estate International misrepresented these facts with knowledge that these misrepresentations were false, or with reckless disregard for whether the representations were false, or intentionally actively or passively concealed material facts concerning the condition of the property, or innocently and negligently concealed facts concerning the condition of the property.

A realtor who is not a party to this action called the house to Buggay's attention. With a friend, Buggay visited the vacant house on a rainy day. He noted that the house generally needed repairs and the roof was leaking. He stated later that "water was running down the wall. The fireplace had moisture all over it. The floor around the fireplace would — you could step through it. The carpet was all mildewed and, you know, smelly. We just looked at it in a general thing, you know, 'Hey, we can make this house livable.' " Buggay also saw that the outside deck was rotting.

Nevertheless, Buggay, through the agent who brought the house to his attention, made an offer on the house that included a provision that the sellers would make repairs to the leaks. This provision was rejected by the sellers, and, with Buggay's assent, a provision was added to the contract that stated Buggay would purchase the house in an "as-is condition, with no further repairs."

With the assistance of the realtor who brought the house to his attention, Buggay arranged for a building inspector to examine the house. The inspector's report noted that the roof leaked, the floor was rotting, water was leaking into the house from the chimney, the lot

grade was inadequate, and there was water standing under the house in the crawl space. Moreover, the first page of the report stated, "Home is built on a sloping lot. Grade at foundation appears to be inadequate. Rear yard slopes toward house. Standing water in crawl space. Suggest further evaluation by a drainage specialist." Buggay did not, however, arrange any further evaluation.

Although he did not speak to them directly, Buggay received information through his friend and the realtor that the previous owners said the water under the house was run-off from a hill in the backyard. Further, Buggay knew before he closed on the property that repairs by the Chungs to divert the supposed run-off were not keeping water from under the house and that there was a continuing water problem.

Despite this knowledge, Buggay continued with plans to purchase the house. Even though he spoke with the person who sold the house to the Chungs regarding assuming a second mortgage, he did not question this person about the water problems. Further, at the closing on the house, Buggay learned that the termite inspection report had not been completed because the termite inspector could not get under the house because of the standing water in the crawl space. When this problem was worked out through the assistance of Real Estate International, the closing was completed and Buggay purchased the house. Buggay ultimately filed suit against the Chungs, REI, Sands, Kim, and the person who sold the house to the Chungs.

After Buggay filed this action, Real Estate International denied liability and later moved for summary judgment contending that Buggay did not justifiably rely on any representations by Real Estate International because Buggay was aware of the water problem and was advised by the inspector that he hired to have the source of the water investigated. Moreover, Real Estate International contends that a clause in the sales contract disclaimed that Buggay relied upon representations made by Real Estate International when he purchased the property.

During the course of the litigation Buggay reached a settlement with the Chungs and summary judgment was granted to the person who sold the house to the Chungs. After Real Estate International's motion for summary judgment was denied, this appeal was initiated.

On appeal, Real Estate International contends the trial court erred by denying summary judgment because there is no evidence there was an underground spring or that Real Estate International knew there was such a spring, no evidence of an intent to defraud, and no evidence of justifiable reliance by Buggay on any representations made by Real Estate International. Real Estate International further contends the trial court erred by denying summary judgment because Buggay failed to rescind the purchase and sale

agreement and because the suit is barred by the "merger" and "entire agreement" clauses in the purchase and sale agreement. *Held:*

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474). We review the trial court's action on a motion for summary judgment in light of the record as existed at the time of the court's ruling and not on the basis of how the record appears after subsequent supplementation or amendment. See *Coker v. Culter,* 208 Ga. App. 651, 652 (431 SE2d 443); *Nowell v. Fain,* 174 Ga. App. 592, 593 (330 SE2d 741). Further, in summary judgment proceedings the rules on admissibility of evidence apply, and hearsay has no probative value unless it is part of the res gestae. *Strickland v. DeKalb Hosp. Auth.,* 197 Ga. App. 63, 65 (397 SE2d 576).

2. The essential elements of actionable fraud in cases such as this are that Real Estate International knew of the underground spring under the house, wilfully misrepresented the condition to Buggay, and Buggay justifiably relied upon Real Estate International's representation and suffered damage. *Wilhite v. Mays,* 140 Ga. App. 816, 817 (232 SE2d 141), aff'd 239 Ga. 31 (235 SE2d 532). See also *Webb v. Rushing,* 194 Ga. App. 732, 733 (391 SE2d 709); *Hester v. Wilson,* 117 Ga. App. 435, 438 (160 SE2d 859). Because Real Estate International need eliminate only one essential element of Buggay's claim to prevail at summary judgment (*Lau's Corp. v. Haskins,* supra at 495), we need not address all the issues raised on appeal or in the motion for summary judgment to resolve this appeal.

Although "[q]uestions of fraud, the truth and materiality of representations made by a seller, and whether the buyer could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury[,]" (citation and punctuation omitted) *del Mazo v. Sanchez,* 186 Ga. App. 120, 127-128 (366 SE2d 333), the record shows it to be plain and indisputable that Buggay did not and could not have justifiably relied upon any representations regarding the water problems at the house. "One may fail to exercise due diligence as a matter of law." (Citation and punctuation omitted.) *Jung v. Cheoun,* 216 Ga. App. 490, 492 (455 SE2d 310). In this instance the alleged misrepresentation concerned an existing characteristic of the property that Buggay could have discovered independently by following the recommendation of his own home inspector to obtain a report from a drainage specialist. See *Crawford v. Williams,* 258 Ga. 806 (375 SE2d 223); *Kirven v. Blackett,* 208 Ga. 178 (65 SE2d 791).

Here, the record shows that Buggay was aware from his first visit to the house that significant problems existed, that unsuccessful attempts were made to correct the problems, and that his own building inspector found problems with the drainage on the lot and recom-

mended study by a drainage expert. This information was sufficient to warrant further inquiry by Buggay. " 'Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of the parties.' *Goldman v. Hart*, 134 Ga. App. 422 (3) (214 SE2d 670) (1975)." *Webb v. Rushing*, supra. Given the information available to him, Buggay failed, as a matter of law, to exercise due diligence. *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 77 (441 SE2d 421); *Webb v. Rushing*, supra. "The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity. When the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representations or lack thereof." (Citation and punctuation omitted.) *Fincher v. Bergeron*, 193 Ga. App. 256, 259 (387 SE2d 371).

As justifiable reliance is an essential element of an action for fraud (*Condios, Inc. v. Driver*, 145 Ga. App. 537, 538 (244 SE2d 85)), the trial court erred by denying Real Estate International's motion for summary judgment.

3. Buggay's claim against Real Estate International for negligent misrepresentation must fail for the same reason. As the same principles apply to both fraud and negligent misrepresentation (*Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680, 681 (300 SE2d 503); *American Legion v. Foote & Davies, Inc.*, 193 Ga. App. 225, 227 (387 SE2d 380)), justifiable reliance is also an essential element of a claim asserting negligent misrepresentation. Therefore, Buggay's failure to exercise due diligence, as a matter of law, also bars his negligent misrepresentation claim. *Hightower v. Century 21 &c.*, 214 Ga. App. 522, 524 (448 SE2d 271). Thus, the trial court also erred by denying summary judgment on this claim. *American Legion v. Foote & Davies*, supra at 228.

Accordingly, the judgment of the trial court is reversed and the case remanded with direction to order summary judgment for REI, Sands, and Kim.

*Judgment reversed with direction. Johnson and Smith, JJ., concur.*

DECIDED JANUARY 30, 1996 —
RECONSIDERATION DENIED MARCH 6, 1996 —

*Lefco & Blumenthal, Stanley M. Lefco, Ned Blumenthal*, for appellants.
*Donald E. Dyches*, for appellee.