A95A1945. DELK et al. v. TOM PETERSON REALTORS, INC. et al.
(469 SE2d 741)

McMURRAY, Presiding Judge.

Plaintiffs Donald W. Delk and Wanda Mosley Delk filed this action for fraud and for rescission of the contract by which they purchased a house. The named defendants are William B. Hayden and Susan Hayes Hayden, former owners of the house; PHH Homequity,

Inc. ("PHH"), which contracted through William B. Hayden's employment to act as co-sellers of the property; and Tom Peterson Realtors, Inc., and its employee, Debra Holly, who were engaged to sell the house.

The complaint alleged that Debra Holly, the agent who showed the house to plaintiffs, made certain misrepresentations regarding damage apparent in the house from water leaks, the apparent damage being explained as "carpet stains" or as having resulted from watering household plants. It is also alleged that defects in the structure supporting the roof over the great room were not divulged.

Ruling on motions presented by PHH, Tom Peterson Realtors, Inc., and Debra Holly, the superior court granted summary judgment in favor of all of the defendants. The primary basis for that ruling was the failure of plaintiffs to establish the element of justifiable reliance on the alleged misrepresentations of defendants. Plaintiffs appeal the entry of summary judgment in favor of defendants. *Held*:

"[O]ne allegedly defrauded must have exercised due diligence to discover the fraud perpetrated against him before he can recover. *McClelland v. Westview Cemetery*, 148 Ga. App. 447 (251 SE2d 351) (1978)." *Holman v. Ruesken*, 246 Ga. 557 (2), 558 (272 SE2d 292). The superior court correctly determined that the uncontroverted evidence compels the conclusion that plaintiffs did not exercise due diligence since they did not conduct any inspection of the premises despite having encountered some of the readily apparent defects while viewing the home. " 'Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of the parties.' *Goldman v. Hart*, 134 Ga. App. 422 (3) (214 SE2d 670) (1975)." *Webb v. Rushing*, 194 Ga. App. 732, 733 (2) (391 SE2d 709). Plaintiffs having observed the water damage stains are therefore chargeable with knowledge of the water leaks and could not have relied justifiably upon the real estate agent's explanations. *Lester v. Bird*, 200 Ga. App. 335, 337 (1), 338 (408 SE2d 147).

Similarly, the evidence is uncontroverted that the sag in the roof was readily discoverable by observing the house. " '[It is only] [w]hen the defects in the property (are) of such a nature that the buyer could not discover them through the exercise of due diligence, [that] the burden (is) on the seller to disclose the seriousness of the problems of which he (is) aware, provided the seller (knows) that the buyer (is) acting under a misapprehension as to the facts which would be important to the buyer in making his decision.' *Holman v. Ruesken*, 246 Ga. 557 (2)[, supra]." *Wilson v. Brighton Homes*, 204 Ga. App. 677, 679 (3) (420 SE2d 360).

Plaintiffs' reliance upon *Wilhite v. Mays*, 140 Ga. App. 816 (232

SE2d 141), aff'd 239 Ga. 31 (235 SE2d 532), and *Rose Mill Homes v. Michel*, 155 Ga. App. 808 (273 SE2d 211) is misplaced since both of those cases involved concealed defects which could not have been discovered through the exercise of due diligence. And it is clear that, contrary to plaintiffs' argument, they would not have needed to wait for a rainfall to discover the water leaks since plaintiffs discovered the water damage and asked about it, but failed to diligently pursue the issue.

Having determined that plaintiffs are unable to present a triable issue as to each element of their claim for fraud, most of the remaining issues raised on appeal are moot. But it is necessary to approve of the grant of summary judgment in favor of non-movants William and Susan Hayden. Such was merely a formality which necessarily follows from the determination that plaintiffs' claim must fail. *Cruce v. Randall*, 152 Ga. App. 183, 184 (1) (262 SE2d 488), aff'd 245 Ga. 669 (266 SE2d 486).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 28, 1996 —
RECONSIDERATION DENIED MARCH 12, 1996 — 

*M. Francis Stubbs*, for appellants.

*Swift, Currie, McGhee & Hiers, Carol E. DeLoach-Bettex, Stephen L. Cotter, Andrew, Threlkeld & Thompson, Reid A. Threlkeld, Malcolm F. Bryant, Jr.*, for appellees.