A96A1075. SMITH et al. v. STANLEY et al.
A96A1076. RONNIE PERRY REALTY COMPANY, INC.
v. STANLEY et al.
(477 SE2d 618)

McMURRAY, Presiding Judge.

Plaintiffs Joseph R. Stanley and Barbara L. Stanley filed this fraud and negligence claim arising from their purchase of a house on Blythe Island in Glynn County. Their complaint states a passive concealment type fraud claim against defendants Jeffery L. Smith and Connie M. Smith, the sellers of the house, and against Ronnie Perry Realty Company, Inc., the sellers' real estate broker. The fraud claim alleges that the subject premises were susceptible to and had been subjected to interior flooding by the incursion of water during or after heavy or prolonged rains and that at no time during the contacts and negotiations concerning the ultimate purchase of the house had defendants advised plaintiffs of these facts. An additional claim alleged that such conduct amounted to negligence on the part of defendant Ronnie Perry Realty Company, Inc.

Defendants moved for summary judgment based on several arguments including the failure of the plaintiffs to exercise due diligence in determining the condition of the house. After the denial of these motions for summary judgment, we granted defendants permission to file this interlocutory appeal. *Held*:

" ' "The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity. 'When the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's representations (or lack thereof).' (Cit.)" *Kirven v. Blackett*, 208 Ga. 178, 182 (65 SE2d 791) (1951); *Blanchard v. West*, 115 Ga. App. 814 (2) (156 SE2d 164)

(1967).' *Miller v. Clabby*, 178 Ga. App. 821, 823 (344 SE2d 751)." *Fincher v. Bergeron*, 193 Ga. App. 256, 259 (1) (b) (387 SE2d 371). While the question of whether a purchaser exercised ordinary care in inspecting real property before purchasing it is generally a jury issue, the record in the case sub judice shows that it is plain and indisputable that plaintiffs could not have justifiably relied upon any representations, or absence thereof, concerning the effect of heavy or sustained rains upon the house.

The passive concealment exception to the rule of caveat emptor adopted in *Wilhite v. Mays*, 140 Ga. App. 816 (232 SE2d 141) and which is the basis of plaintiffs' claim is concerned with concealed defects which may not be discovered by a purchaser via the exercise of due diligence. It is only when the defects in the property are of a nature that the buyer could not discover them through the exercise of due diligence that any burden is placed on the seller to disclose the seriousness of the problems of which he is aware, provided the seller knows that the buyer is acting under a misapprehension as to the facts which would be important to the buyer in making his decision. *Delk v. Tom Peterson Realtors*, 220 Ga. App. 576, 577 (469 SE2d 741). Just as the sag in the roof in *Delk* was readily discernible, in the case sub judice there is uncontroverted evidence that the roof line, provisions for drainage from the roof, and grading of the area surrounding the house combine to clearly suggest that rain water would be directed toward rather than away from the house thereby creating a danger that it would enter the home. Additionally, there was further evidence as to the poor water absorption characteristics of the island property particularly at high tide, a factor which plaintiffs could have discovered had they investigated the notice they received that the property lies in a flood hazard area. Plaintiffs were permitted to make whatever inspection of the property they desired and did personally inspect the property but did not have any third person such as an engineer, architect, or contractor inspect the house. The only measure taken by the plaintiffs to investigate any flooding problems was to ask defendants, but plaintiffs took no action to verify the answers received.

"The tort of fraud has five elements: . . . For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort. In deciding whether the evidence presented is sufficient to raise a triable issue as to each element, the court must resolve all disputes of fact and indulge all reasonable inferences therefrom in favor of the nonmoving party. *Ham v. Ham*, 230 Ga. 43 (195 SE2d 429) (1973)." *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223). See also *Hanlon v. Thornton*, 218 Ga. App. 500, 502 (2) (462 SE2d 154) and *Copeland v. Home Savings of America, F.A.*, 209 Ga. App. 173, 174 (433 SE2d

327). The uncontroverted evidence in the case sub judice fails to establish any justifiable reliance by plaintiffs upon the representations or lack thereof by defendants. Therefore, the state court erred in denying defendants' motion for summary judgment on the fraud claim. It was also error to deny defendant Ronnie Perry Realty Company, Inc.'s motion for summary judgment on the negligence claim. *Real Estate Intl. v. Buggay*, 220 Ga. App. 449, 452 (3) (469 SE2d 242).

*Judgments reversed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 16, 1996 —
RECONSIDERATION DENIED OCTOBER 25, 1996 — ▮

*Ferrier & Sowerby, Vincent D. Sowerby*, for appellants (case no. A96A1075).

*Nightingale, Liles, Dennard & Carmical, Thomas E. Dennard, Jr., Lee A. Carmical*, for appellant (case no. A96A1076).

*Clark & Clark, Fred S. Clark*, for appellees.