A97A1910. SMALLS et al. v. BLUEPRINT DEVELOPMENT, INC. et al.
(497 SE2d 54)

SMITH, Judge.

Plaintiffs Henry Smalls, Jr. ("Smalls"), Herb Drawdy, Jr. ("Drawdy"), Isiah and Debra White (collectively, the "Whites"), and other individuals not party to this appeal brought suit against defendants Blueprint Development, Inc. ("Blueprint Development"), Blueprint Residential Building & Design, Inc. ("Blueprint Residential"), and Vincent Sikorski ("Sikorski"), alleging claims for fraud, constructive fraud, and negligent construction. Defendants moved for summary judgment, raising several arguments, including the failure of plaintiffs to exercise due diligence in determining whether or not their homes were built on property delineated as wetlands. Plaintiffs now appeal the trial court's grant of partial summary judgment to Blueprint Development and Blueprint Residential on the fraud counts, and we affirm.[1]

1. In two enumerations of error, plaintiffs argue the trial court erred in ruling that plaintiffs did not exercise due diligence as a matter of law in failing to investigate whether their homes were built on

---

[1] The trial court's order indicates that Sikorski was dismissed from the action during oral argument on defendants' motion for summary judgment.

wetlands or land previously delineated as wetlands.

The record shows that in July 1990, Blueprint Development purchased a tract of land located in Chatham County containing property subject to wetland delineation. The sellers of the property had obtained a permit from the United States Army Corps of Engineers to fill the wetlands on the tract, and that permit was transferred to Blueprint Development as part of the transaction. Blueprint Development filled the wetlands pursuant to regulatory guidelines and subsequently sold the tract to Blueprint Residential. Prior to the transfer of the developed tract to Blueprint Residential, all fill had been completed so that land previously delineated as "wetlands" now had "nonwetland" status and was no longer under the jurisdiction of the United States Army Corps of Engineers.

Between October 1991 and May 1992, each plaintiff entered into contracts with Blueprint Residential for the purchase of homes in this development. The real estate sales contract executed by each plaintiff contained the following language: "Portions of the property which is the subject of this contract are or may be subject to various State and Federal wetlands statutes and regulations. Wetlands are under the jurisdiction of the Corps of Engineers. Lot owners are subject to penalty by law for disturbance to those wetland areas without prior authorization." Notwithstanding the express notice placed in these sales contracts, none of the plaintiffs took any action to investigate the status of the property prior to purchase of the lots.

" 'As was pointed out by this court in *Wilhite v. Mays*, 140 Ga. App. 816, 817 (232 SE2d 141) [(1976)], fraud in the sale of real estate may be predicated upon a wilful misrepresentation, i.e., the seller tells a lie; upon active concealment where the seller does not discuss the defect but takes steps to prevent its discovery by the purchaser; and thirdly a passive concealment where the seller does nothing to prevent the discovery but simply keeps quiet about a defect which though not readily discernible, is known to the seller. Traditionally, the rule of caveat emptor had applied and the sales contract merged into the warranty deed and foreclosed any right of remedy by the purchaser after the closing of the contract by transfer of the deed. [Cit.] *Wilhite*, supra, changed the rule of caveat emptor and placed upon the (seller) a duty to disclose a defect of which he knows but is aware that the purchaser is ignorant of the condition and which probably would affect the decision of the purchaser to close the transaction.' [Cits.]" *Ben Farmer Realty v. Woodard*, 212 Ga. App. 74, 75-76 (441 SE2d 421) (1994).

This passive concealment exception to the general rule of caveat emptor, which is the basis of plaintiffs' claim, is concerned with concealed defects that purchasers in the exercise of due diligence could not detect. "It is only when the defects in the property are of a nature

that the buyer could not discover them through the exercise of due diligence that any burden is placed on the seller to disclose the seriousness of the problems of which he is aware, provided the seller knows that the buyer is acting under a misapprehension as to the facts which would be important to the buyer in making his decision. [Cit.]" *Smith v. Stanley*, 223 Ga. App. 334, 335 (477 SE2d 618) (1996). Therefore, in order for there to be a valid claim of fraud, the individual allegedly defrauded must be able to present evidence of the exercise of due diligence to discover the fraud. *Delk v. Tom Peterson Realtors*, 220 Ga. App. 576, 577 (469 SE2d 741) (1996).

Relying on our decisions in *Real Estate Intl. v. Buggay*, 220 Ga. App. 449 (469 SE2d 242) (1996); *Delk*, supra; and *Smith*, supra, the trial court, in this case, correctly determined that plaintiffs' claims of fraud must fail because all of the sales contracts with Blueprint Residential contained express provisions alerting them to the possibility that their lots could be located on property subject to wetlands regulation. This provision should have placed plaintiffs on notice that they needed to investigate further and ascertain the current status of their property. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of the parties." (Citations and punctuation omitted.) *Real Estate Intl.*, supra at 452 (2). In light of their failure to take any affirmative action whatsoever subsequent to their execution of the sales contracts containing this disclosure, plaintiffs, as a matter of law, cannot show that they exercised due diligence in this case. This failure is fatal to their claims of fraud. *Delk*, supra at 577. The trial court therefore did not err by granting summary judgment to defendants on plaintiffs' fraud claims.

We reject plaintiffs' argument that the disclosures contained in the sales contracts were too inconspicuous to put them on notice of the wetland delineation of their lots. Plaintiffs have pointed to no statute or case law that would require disclosures in real estate contracts to be boldfaced or in a larger-sized font in order for them to be deemed sufficient to place a party on notice. Compare *Southern Fire &c. Co. v. Freeman*, 268 Ga. 60 (3) (485 SE2d 738) (1997) (motor vehicle liability insurance applications must include disclosures in boldfaced type pursuant to former OCGA § 33-34-5 (b)); *BCS Fin. Corp. v. Sorbo*, 213 Ga. App. 259, 261 (3) (444 SE2d 85) (1994) (disclaimers of implied warranties of fitness or merchantability relating to personal property must be conspicuous pursuant to OCGA § 11-2-316 (2)). In this case, we find that the disclosures contained in plaintiffs' real estate sales contracts to be "[n]otice sufficient to excite attention and put a party on inquiry." *Real Estate Intl.*, supra at 452.

We also note that plaintiffs' claims of fraud must fail for another reason. "The tort of fraud has five elements. These are: (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort." (Citations and punctuation omitted.) *Reeves v. Edge*, 225 Ga. App. 615, 617-618 (2) (484 SE2d 498) (1997). The undisputed facts of record show that at the time of the closings none of the lots purchased by plaintiffs was located on property delineated as wetlands. Finally, the lots purchased by Smalls and by the Whites never had wetland designation even before the fill was put in place. Plaintiffs have no claim of fraud because there can be no material omission if the underlying fact upon which the claim of misrepresentation is based does not exist. Here, plaintiffs' complaint alleged that defendants failed to inform them that their homes were built on wetlands. Since the underlying fact alleged is not accurate, plaintiffs cannot demonstrate even the first element of fraud, a material misrepresentation or omission of material fact.

2. In its order granting partial summary judgment to defendants, the trial court determined insufficient evidence had been presented to "pierce the corporate veil" of either corporate defendant. The trial court therefore ruled that Blueprint Development, the developer of the property, could not be liable for any fraudulent activity of Blueprint Residential, the builder/vendor of the property, under an alter ego theory.

Relying on *Kissun v. Humana, Inc.*, 267 Ga. 419 (479 SE2d 751) (1997), plaintiffs argue for the first time on appeal that the trial court's refusal to pierce the corporate veil should not have precluded a further inquiry into whether sufficient evidence existed to support a claim of apparent agency or joint venture liability. However, unlike the plaintiffs in *Kissun* who asserted their alternative theories of liability in the court below, our review of the record shows that plaintiffs are raising these additional theories of liability for the first time on appeal. It is well settled that arguments not asserted in the trial court below will not be considered for the first time on appeal. *Edgar v. Shave*, 205 Ga. App. 337, 339 (3) (422 SE2d 234) (1992). Accordingly, this enumeration is without merit.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 12, 1998 ▪

*Wallace & Tetreault, Victor J. Tetreault*, for appellants.

*Brannen, Searcy & Smith, Daniel C. Cohen, Weiner, Shearouse, Weitz, Greenberg & Shawe, Mark T. Shawe*, for appellees.