A01A0026. SMITH v. WALDEN et al.
(549 SE2d 750)

POPE, Presiding Judge.

John and Marilyn Walden sued Conley Smith for breach of contract, fraud and misrepresentation. Essentially, the Waldens alleged that Smith duped them into purchasing certain real property at an inflated price. They claimed that in addition to receiving an offset for their rental payments, they were entitled to have the $79,995 purchase price reduced by $50,000, the amount a third party, the Bryants, paid Smith for a corner section of the property. The trial court awarded summary judgment to Smith on the Waldens' breach of contract and fraud claims. The Waldens unsuccessfully appealed that judgment. *Walden v. Smith,* 249 Ga. App. 32 (546 SE2d 808) (2001).

In this appeal, Smith contends that he is entitled to summary judgment on the Waldens' negligent misrepresentation claim. We agree. At the outset, we note that the claim appears foreclosed by the express terms of the lease/purchase agreement precluding any oral modifications and by the Statute of Frauds because no modification in writing was ever made. Moreover, assuming arguendo that the Waldens' claim was not otherwise foreclosed, it cannot survive summary judgment in the absence of any evidence to show the exercise of due diligence.

According to John Walden's uncontradicted testimony, the Bryants refused to reveal to him the price they paid for the corner piece of property. Walden testified that when he asked the Bryants if they were "happy about what you paid for this [they] looked at me . . . and they did not say anything." When he repeated the question, saying, "Well, what did you give for it," the Bryants responded, "We told

Conley [Smith] we would not talk about it." At that point, despite being on notice that something might be amiss, the Waldens admittedly undertook no further action to ascertain the actual price. John Walden conceded that he never asked Smith to show any proof or documentation as to the purchase price paid by the Bryants. Since the Waldens offered no evidence of justifiable reliance, an essential element of this tort, Smith was entitled to judgment as a matter of law. *Real Estate Intl. v. Buggay*, 220 Ga. App. 449, 452 (3) (469 SE2d 242) (1996).

The Waldens attempt to avoid this outcome by contending that Smith and John Walden had a "confidential relationship." Consequently, they claim they were entitled to rely upon Smith's representation that he obtained only $10,000 from the Bryants for the property. But mere friendship and close fellowship, without more, do not create a fiduciary relationship. *Kienel v. Lanier*, 190 Ga. App. 201, 203 (2) (378 SE2d 359) (1989); see *Bowen v. Hunter*, 241 Ga. App. 204, 207-208 (525 SE2d 744) (1999). The parties here were plainly engaged in a business transaction with each other in an effort to advance their own separate objectives. See *Kienel*, 190 Ga. App. at 204 (2). In any event, after the Bryants refused to tell John Walden how much they had paid Smith for the corner portion of the property, the Waldens were on notice to investigate further. *Buggay*, 220 Ga. App. at 452 (3). This they failed to do. It follows that summary judgment should have been granted to Smith on this claim also.

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED MAY 30, 2001.

*Farrar & Corbin, Christopher L. Corbin*, for appellant.
*Hatcher, Johnson, Meaney & Gothard, Ross L. Hatcher III*, for appellees.