A08A1438. BICKERSTAFF REAL ESTATE MANAGEMENT, LLC et al. v. HANNERS et al.
(665 SE2d 705)

BLACKBURN, Presiding Judge.

In this action arising from the sale of commercial real estate, plaintiffs Bickerstaff Real Estate Management, LLC and Bickerstaff Imports, Inc. (collectively "Bickerstaff") sued defendants Earl Hanners, Jr., Michael Johnson, and Southern Eagle Partners I, LLC (collectively "defendants"), alleging breach of contract on the part of Hanners and fraud on the part of all defendants. Defendants successfully moved for summary judgment as to all claims, and

---

[36] *Herring v. State*, 277 Ga. 317, 320 (6) (b) (588 SE2d 711) (2003).
[37] *Somchith v. State*, 272 Ga. 261, 262 (2) (527 SE2d 546) (2000).

Bickerstaff now appeals, arguing that the trial court erred in finding that the doctrine of merger by deed barred its breach of contract claim and that its failure to show justifiable reliance barred its fraud claim. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Donchi, Inc. v. Robdol, LLC.*[2]

So construed, the evidence shows that in 1996, Johnson's commercial real estate company, Southern Eagle, sold a 1.59 acre parcel of property in Clayton County to Hanners. Following the sale, Southern Eagle continued managing the property site on behalf of Hanners, who intended to develop and sell it for commercial use. To facilitate development, Southern Eagle had the property graded and leveled by bringing in fill dirt from a nearby construction site. While supervising the leveling of the property, Johnson was also acting as Hanners's agent in trying to sell it. At some point in time, Johnson contacted Bickerstaff to inquire if it was interested in purchasing the property from Hanners.

As a result of those preliminary negotiations between Johnson and Bickerstaff, on November 10, 1999, Hanners and Bickerstaff negotiated a purchase agreement in which Hanners would convey the property to Bickerstaff for $375,000. Paragraph 17 (i) of the purchase agreement, titled "Hazardous Substances or Waste," in part provided:

> To Seller's knowledge and without inspection by Seller, no areas on the Property exist where Hazardous Substances or Waste have been generated, disposed of, released or found and Seller has no actual knowledge of the existence of any areas for the storage or disposal of any Hazardous Substances or Waste on the Property. . . . To Seller's best knowledge, there are no storage tanks located on the Property, either above or below ground, or any underground pipes or lines on the Property (except public utility lines), and the Property previously has not been used as a landfill or as a dump for garbage or refuse.

In addition, paragraph 18 of the agreement in part provided: "This

---

[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).
[2] *Donchi, Inc. v. Robdol, LLC*, 283 Ga. App. 161 (640 SE2d 719) (2007).

Agreement constitutes the sole and entire Agreement between the parties hereto, and no modification hereof shall be binding unless set forth in writing, signed by all the parties hereto and attached hereto."

After the execution of the purchase agreement but prior to closing, Bickerstaff hired a geotechnical engineering consulting firm to perform an environmental study on the property. Following that study, the consulting firm provided Bickerstaff with a report of its findings, which noted that parts of the property contained a high percentage of buried construction debris. Based on the amount of debris, the report estimated that approximately 3,100 cubic yards of fill soil would be required to remediate the site. Bickerstaff also received an estimate from a contractor, indicating that it would cost between $40,000 and $60,000 to remediate 3,100 cubic yards of soil. Consequently, Bickerstaff inquired as to whether Hanners would be willing to reduce the purchase price. When Hanners refused, Bickerstaff nevertheless agreed to affirm the purchase agreement at the full purchase price. At the closing of the transaction on April 18, 2000, Bickerstaff paid the full purchase price, and Hanners executed a limited warranty deed conveying the property to Bickerstaff.

Once Bickerstaff took possession of the property and began its own development plans, it discovered more construction debris buried on the site. Eventually, it spent $65,000 to remove all the debris and to remediate the soil on the property. Thereafter, Bickerstaff filed this lawsuit, alleging breach of contract as to Hanners and fraud as to Hanners, Johnson, and Southern Eagle. After discovery, defendants filed motions for summary judgment as to all of Bickerstaff's claims, which the trial court denied. However, following Hanners's change of counsel, defendants filed second motions for summary judgment as to all of Bickerstaff's claims, in which they presented additional evidence.[3] The trial court granted defendants' motions, and this appeal followed.

1. Bickerstaff contends that the trial court erred in granting summary judgment to Hanners as to its breach of contract claim. Specifically, Bickerstaff argues that the trial court erred in finding that the doctrine of merger by deed barred its claim that Hanners breached the warranty contained in the purchase agreement, which provided that Hanners had no knowledge of hazardous substances or waste being disposed of on the property. We disagree.

---

[3] "Consideration of a second motion for summary judgment lies within the discretion of the trial judge, especially where, as here, additional evidence is presented in support of the second motion." *Belcher v. Logan*, 150 Ga. App. 249, 251 (2) (257 SE2d 299) (1979).

Construction of a written contract is a question of law for the trial court based on the intent of the parties as set forth in the contract, which question we review de novo. *Deep Six, Inc. v. Abernathy.*[4] We first note that in this matter Bickerstaff's complaint alleges breach of contract and fraud, but it does not include a claim for rescission. "Therefore, it is apparent that [Bickerstaff has] elected to affirm the [a]greement and seek damages arising from the alleged fraud and breach of contract." *Ainsworth v. Perreault.*[5] Indeed, on appeal Bickerstaff explicitly states that it affirmed the purchase agreement and has never sought rescission. Because it has affirmed the contract and is suing for damages, Bickerstaff is bound by the terms of the agreement and is subject to any defenses that may be asserted based on the agreement. *Ben Farmer Realty Co. v. Woodard.*[6]

Bickerstaff argues that in light of the significant amount of construction debris found on the property, Hanners breached paragraph 17 (i) of the purchase agreement, which warranted that Hanners had no knowledge of such substances or waste on the property. However, even if Hanners breached this warranty, neither paragraph 17 (i) nor any other warranty in the purchase agreement survived the closing of the transaction. "The general law of survival of terms and conditions is that those found in the sales contract do not survive the closing unless specifically reserved or unless they are not performed by delivery and acceptance of the deed." *Savage v. KGE Assoc. Ltd. Partnership.*[7] See *P. B. R. Enterprises v. Perren.*[8] Here, the purchase agreement contains no clause that indicates that its warranties or any other provision survived the closing. There is also no evidence that the provisions in the agreement had not been performed at the time of the delivery and acceptance of the deed. Furthermore, the limited warranty deed conveyed by Hanners to Bickerstaff does not include the warranty in paragraph 17 (i) of the purchase agreement or any similar warranties. Thus, the warranty in paragraph 17 (i) of the purchase agreement did not survive the closing of the transaction. See *Savage*, supra, 260 Ga. App. at 774-775 (2) (a).

Citing *Worthey v. Holmes*,[9] Bickerstaff contends that because it is alleging that Hanners committed fraud, the doctrine of merger by

---

[4] *Deep Six, Inc. v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000).

[5] *Ainsworth v. Perreault*, 254 Ga. App. 470, 472 (1) (563 SE2d 135) (2002).

[6] *Ben Farmer Realty Co. v. Woodard*, 212 Ga. App. 74, 75 (441 SE2d 421) (1994).

[7] *Savage v. KGE Assoc. Ltd. Partnership*, 260 Ga. App. 770, 774 (2) (a) (580 SE2d 591) (2003).

[8] *P. B. R. Enterprises v. Perren*, 243 Ga. 280, 282 (2) (253 SE2d 765) (1979).

[9] *Worthey v. Holmes*, 249 Ga. 104 (287 SE2d 9) (1982).

deed is not a viable defense. We disagree. In *Worthey*, our Supreme Court carved out a narrow exception to the merger by deed defense when it held that

> neither caveat emptor nor merger by deed is a viable defense by a *builder-seller against a homeowner's tort-negligence and breach of contract claims* seeking recovery for *latent building construction defects* about which the purchaser-homeowner did not know and in the exercise of ordinary care would not have discovered, which defects either were known to the builder-seller or in the exercise of ordinary care would have been discovered by him.

(Emphasis supplied.) Id. at 106 (3). See *P. B. R. Enterprises*, supra, 243 Ga. at 283 (4); *Wilhite v. Mays*.[10] In creating this narrow exception, the Supreme Court specifically distinguished the situation in the case before it, which involved a builder and a home-buyer, from situations involving land sales contracts in which merger by deed remained applicable. *Worthey*, supra, 249 Ga. at 105 (1). Given that this matter involves a commercial land sales contract, rather than a dispute between a builder and a home-buyer, the exception outlined in *Worthey* is not applicable and Hanners's merger by deed defense bars Bickerstaff's breach of contract claim. Moreover, Bickerstaff's argument that it can still enforce the warranty in paragraph 17 (i) of the purchase agreement because it is entitled to specific performance of the agreement is without merit. Indeed, this argument ignores the fact, as we have previously stated, that after the closing of the transaction, the terms in the purchase agreement "which are not included in the deed are considered as eliminated, abandoned or discarded." *Jordan v. Flynt*.[11] Accordingly, the trial court did not err in finding that the merger of the purchase agreement into the limited warranty deed at closing barred Bickerstaff's breach of contract claim. See *Savage*, supra, 260 Ga. App. at 774-775 (2) (a).

2. Bickerstaff also contends that the trial court erred in granting summary judgment to all defendants as to its fraud claim, arguing that questions of fact remain as to whether it failed to show justifiable reliance. We disagree. The tort of fraud has five elements: "(1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiffs to act or refrain from acting; (4) justifiable reliance by plaintiffs; and (5) damage to plaintiffs." *Klusack v.*

---

[10] *Wilhite v. Mays*, 140 Ga. App. 816, 818 (3) (232 SE2d 141) (1976).
[11] *Jordan v. Flynt*, 240 Ga. 359, 362 (1) (240 SE2d 858) (1977).

*Ward*.[12] "Failure to show, in opposition to summary judgment, some evidence from which each element could be found by a jury allows the action to be disposed of summarily." Id.

Bickerstaff alleges that the defendants fraudulently induced it into purchasing the subject property by burying the construction debris on the site and then failing to disclose that they had done so. Pretermitting whether there is any evidence that defendants actively concealed or merely failed to disclose the existence of the construction debris and other waste on the property, any reliance on the defendants by Bickerstaff was unreasonable as a matter of law. "In order to prove justifiable reliance, [Bickerstaff] must show the defect could not have been discovered by [it] in the exercise of due diligence in the purchase of the property." (Punctuation omitted.) *Peacock v. Kiser*.[13] "Generally, whether ordinary care was exercised is a question for a jury to resolve; however, one may fail to exercise ordinary care as a matter of law." *Donchi, Inc.*, supra, 283 Ga. App. at 165 (1) (b).

Here, prior to closing, the geotechnical engineering consulting firm that Bickerstaff hired to conduct an environmental study of the property provided a report which noted that parts of the property contained a high percentage of construction debris. In fact, the report provided considerable detail regarding the type of debris found at various sites on the property, listing items such as concrete slabs, steel rebars, rubber tires, wooden boards, a large steel column, stone fragments, and wooden beams. Based on the amount of debris, the report estimated that approximately 3,100 cubic yards of soil would require remediation. This report placed Bickerstaff on notice of the defect and that it needed to investigate further and fully determine the environmental status of the property before concluding the purchase. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of the parties." (Punctuation omitted.) *Smalls v. Blueprint Dev.*[14] See *Real Estate Intl. v. Buggay*.[15] Bickerstaff cannot rely on defendants' silence to believe that there was no debris or waste buried on the property in the face of a detailed report prepared by its own consulting firm stating that there was. See *Savage*, supra, 260 Ga.

---

[12] *Klusack v. Ward*, 234 Ga. App. 178, 179 (1) (507 SE2d 1) (1998).

[13] *Peacock v. Kiser*, 272 Ga. App. 83, 85 (1) (611 SE2d 747) (2005).

[14] *Smalls v. Blueprint Dev.*, 230 Ga. App. 556, 558 (1) (497 SE2d 54) (1998).

[15] *Real Estate Intl. v. Buggay*, 220 Ga. App. 449, 451 (2) (469 SE2d 242) (1996).

App. at 777 (2) (a); *Fann v. Mills*.[16] Accordingly, the trial court did not err in granting summary judgment to defendants as to Bickerstaff's fraud claim.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 8, 2008 — ▮▮▮▮▮▮▮▮

*Otis, Cohen & Stewart, Robert H. McKnight, Jr.*, for appellants.
*Morriss, Lober & Dobson, Michael J. Lober, Charles A. Gravitt, Sr.*, for appellees.

