**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 21, 2023**

# In the Court of Appeals of Georgia

A23A0471. 110 HAMPTON POINT, LLC v. ROSS.

MCFADDEN, Presiding Judge.

110 Hampton Point, LLC purchased a house from Thurman Ross, III. Eleven months later, Hampton Point sued Ross for fraud, breach of contract, and negligent misrepresentation, alleging that Ross had failed to disclose and had actively concealed defects in the house. Ross moved to dismiss the complaint under OCGA § 9-11-12 (b) (6) for failure to state a claim. The trial court granted the motion and Hampton Point filed this appeal. We hold that at this stage of the proceedings, "it cannot be said that the allegations of the complaint disclose with certainty that [Hampton Point] would not be entitled to relief under *any* state of provable facts asserted in support." *Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014) (emphasis in original). So we reverse.

[T]he well-established test that must be satisfied before a motion to dismiss can be granted is a demanding one: A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

*Norman v. Xytex Corp.*, 310 Ga. 127, 130-131 (2) (848 SE2d 835) (2020) (citation, punctuation, and footnote omitted). We review de novo the trial court's order granting a motion to dismiss for failure to state a claim. *Babalola v. HSBC Bank, USA*, 324 Ga. App. 750, 750 (751 SE2d 545) (2013). "[W]e take the allegations in the complaint as true and resolve all doubts in favor of [the plaintiff]." *Norman*, 310 Ga. at 128 (1). In our de novo review, we may consider "exhibits attached to and incorporated into the complaint and answer." *Love v. Fulton County Bd. of Tax Assessors*, 311 Ga. 682, 683 (859 SE2d 33) (2021).

So viewed, Hampton Point's complaint alleged and the exhibits attached to Ross's answer show that Hampton Point and Ross entered a purchase and sale

2

agreement for Hampton Point to purchase a residence from Ross.[1] The agreement granted Hampton Point the right "to inspect, examine, test, appraise and survey" the property. It provided that the property was "being sold subject to a [d]ue [d]iligence [p]eriod of 14 days" from the date the agreement became binding, and that during the due diligence period, Hampton Point could decide whether or not to proceed with the purchase.

Hampton Point had the property inspected and proceeded with the sale, which closed on March 8, 2021.

After the closing, "destructive testing" of the stucco exterior of the house revealed prior stucco repairs. The testing showed that the original tabby stucco had been removed for the purpose of installing new flashing tape around all of the house's windows and that new stucco had been installed over the tape to conceal it. Infrared thermography imaging performed after the closing showed active water intrusion inside the second- and third-floor drywall ceilings. Hampton Point also discovered

---

[1] We observe that the purchase and sale agreement and the seller's property disclosure statement name as the buyer "Mary Hart Wilheit as trustee of Mary Hart Wilheit Trust." Neither party explains the discrepancy between the listed name of the buyer and the plaintiff's name. But in its complaint, Hampton Point alleged that it purchased the residence from Ross, and in his answer, Ross admitted this allegation. And Hampton Point does not argue that the documents do not apply to it.

that the waterproof membrane in the roof had failed, allowing water to intrude into the roof deck. The issues with the roof were so extensive that the entire roof had to be removed and replaced. Hampton Point discovered that canvas canopy fasteners had not been properly sealed; that the house's windows had not been correctly installed; and that wood trim throughout the house had been exposed to water intrusion.

Because of inadequate waterproofing measures, water had intruded through the brick wythe wall on the front and sides of the house, resulting in water damage and flooding in the garage. The water intrusion and high moisture levels in the house caused the presence of a dangerous level of Stachybotrys chartarum (or black mold), and decayed the house's rim joists and load-bearing beams.

Hampton Point discovered evidence that, in the month before the parties entered the sales contract, Ross had replaced water-damaged drywall, wood, and caulking in order to conceal evidence of past and ongoing water intrusion. He also had the stucco replaced to conceal water damage. Ross actively concealed the defects for the purpose of inducing Hampton Point to purchase the property. He failed to make repairs that he contractually had agreed to make.

The trial court granted Ross's motion to dismiss. The court ruled that the inspection report commissioned by Hampton Point put Hampton Point on notice of the defects in the house. So, the court concluded, Hampton Point did not justifiably rely on Ross's representations, active concealment of the house's defects, or omissions and it failed to state claims for fraud and negligent misrepresentation. The court also ruled that Hampton Point had not alleged facts supporting a claim for breach of contract.

We hold that the trial court erred in granting the motion to dismiss. The inspection report does recommend further evaluation of the stucco exterior and the roof. But it says little about water intrusion, at least explicitly. In the section about "garage ceilings," the report states that "[t]here are a dozen or so stain/discolored areas on garage level ceilings. All stains tested dry/normal on the moisture *except for one stain that tested raised for moisture content* at middle garage vehicle door area over window. Recommend a further evaluation by a licensed contractor." (Emphasis in original.)

In the section of the report concerning interior windows, the inspector wrote, "Jack & Jill middle bedroom windows stick on the sides and had some moisture stains. Tested dry normal with a moisture meter." And the report says nothing about

5

the brick wythe wall on the front and sides of the house or the improperly sealed canvas canopy fasteners.

We cannot definitively say at this stage of the proceedings that the inspection report placed Hampton Point on notice so that, as a matter of law, it did not act with reasonable diligence when it proceeded with the closing. For example, there conceivably could be evidence that Ross's efforts to conceal the house's defects would have prevented their discovery even upon further inspection. See *Bickerstaff Real Estate Mgmt. v. Hanners*, 292 Ga. App. 554, 559 (2) (665 SE2d 705) (2008) (plaintiff can prove justifiable reliance by showing that it could not have discovered defect in the exercise of due diligence in the purchase of the property). There could be evidence that the type of further inspection recommended in the inspection report would not have been sufficiently in depth to have discovered the defects. "This is factual evidence which may or may not be developed during discovery and can be considered on a subsequent motion for summary judgment." *Austin*, 294 Ga. at 775. See also *Brown v. Techdata Corp.*, 238 Ga. 622, 625 (234 SE2d 787) (1977) ("Questions of fraud . . . and whether the plaintiff could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury.").

"At this time, it cannot be said that the allegations of the complaint disclose with certainty that [Hampton Point] would not be entitled to relief under any state of provable facts asserted in support." *Austin*, 294 Ga. at 775.

*Judgment reversed. Brown and Markle, JJ., concur.*